Bird *vs.* Adams.

---

No. 83.—GEORGE L. BIRD, plaintiff in error, *vs.* TELOTUS ADAMS, defendant.

[1.] In an action upon a negotiable note, barred by the Statute of Limitations, a new promise made by the maker to a prior holder, is sufficient to take the case without the operation of the Statute.   The case of *Martin vs. Broach,* in 6 *Ga. Reps.* reviewed and affirmed.

Assumpsit, &c. in Taliaferro Superior Court.   Tried before Judge SAYRE, September Term, 1849.

George L. Bird brought suit against Telotus Adams, on a promissory note made payable to Daniel A. Farmer or bearer.   The note, on its face, was barred by the Statute of Limitations.   The second count in the declaration alleged, that after the bar of the Statute attached, Adams promised to pay the amount of the note to one Williams,·who was then the holder of the note, and that subsequent to the promise, Williams transferred the note to plaintiff, who sued as bearer.

Defendant's counsel demurred to the second count, on the ground that the promise to Williams was not negotiable, and did not enure to the benefit of plaintiff.   The Court sustained the demurrer, and this decision is alleged as error.

L. H. STEPHENS, for plaintiff in error, cited—

2 *Greenlf. Ev.* §441.   *Little vs. Blount,* 9 *Pick.* 488.   4 *Johnson,* 461.   *Whitney vs. Bigelow,* 4 *Pick.* 110.

ANDREWS, for defendant, cited—
VOL. VII.   64

*Martin vs. Broach,* 6 *Ga. Rep.* 21.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The declaration in this case contained two counts, one upon the note, which was a negotiable paper, and the other upon a new parol promise to pay. The promise to pay was made to a prior holder of the note, and the question is, whether an action can be sustained in favor ·of a subsequent holder of a negotiable paper barred by the Statute, upon a promise made to a prior holder. The argument on the negative side of this question is briefly this : the old debt is absolutely extinguished by the Statute, and the new promise is a distinct and independent contract— it is alone the foundation of the action, and being a verbal promise, and therefore not negotiable, no action will lie upon it, except in the name of the person to whom it was made. It is claimed by the counsel for the defendant in error, that this reasoning is sustained by the decision of this Court in *Martin vs. Broach and others.*

The old idea that a new promise relieved against the operation of the Statute of Limitations, by removing the presumption of payment, has been exploded, and it is now held, very generally, that when the Statute has taken effect, the old note is extinguished, and the new promise is, of itself, a ground of action—a new contract, the consideration for which is the old debt. This is the doctrine held in *Martin vs. Broach.* It is, however, there qualified very distinctly. There is a very intelligible and reasonable sense in which it is true, that a contract barred by the Statute of Limitations is extinguished, whilst, at the same time, for some purposes, it may be valid and subsisting. For example, *if* the contract be barred by lapse of time, and the Statute is pleaded, and there is no reply to it, the contract is extinguished—it cannot be enforced—the plea will prevail ; and it will prevail on the ground, that by law, the plaintiff having failed to sue within the time prescribed, he has neither *right of action nor remedy* afterwards upon that contract.

In such a case, by legal necessity, if the plaintiff does not dismiss his suit, the judgment of the Court must be in favor of the defendant. In all such cases, it is true, that the contract is extin-

guished; but if the *note* be barred on its face, and suit is brought upon it, and the Statute is not pleaded, the plaintiff will recover; for in that case the presumption of law is, that the defendant has waived the statutory bar.   The judgment for the plaintiff will be valid and may be enforced.   In all such cases the original con- tract is not extinguished.   It was at one time held, that the Stat- ute effected a bar, by its own inherent force, without a plea—that is, that an action on a note barred on its face, was demurrable. The rule was abandoned mainly for the reason, that by it the plaintiff was cut off from the benefit of relying upon any of the exceptions in the Statute.   If he is within any of the exceptions of the Statute, and a plea of the Statute is filed, then being warn- ed, he can reply the exception.   This privilege he cannot exer- cise, if his suit is liable to be dismissed upon demurrer to the action.   The rule now is, that the Statute must be specially plead- ed, unless, by law, it may be proven under the general issue. That, however, is a relying upon the Statute by the defendant, as much as in case of a special plea.   *Cro. Car.* 404.   21 *Pick.* 404.   2 *Ld. Ray.* 838.   *Ventris' R.* 191.   2 *Mass.* 87.   2 *Wend.* 294.   4 *Gill. & Johns.* 439.   5 *Har. & Johns.* 425.   5 *Conn.* 335. 4 *Mees. & Welsby, Exch. R.* 339.   3 *Scott's C. B. Rep.* 265.   2 *Bing. N. C.* 713.   *Angell on Limitations,* 312.

Again, if the Statute is pleaded, and the plaintiff, (under the English mode of pleading, and under our own until the case of *Martin vs. Broach,*) replies a new promise and proves it, although the old contract is the apparent cause of action, yet the real and substantial cause of action is the new promise.   The plaintiff re- covers, not upon the note or other contract set out in the decla- ration, but upon the new promise set out in the replication.   It is really the same as if he had counted on the new promise so far as his recovery is concerned.   The replication transfers, as it were, the promise to the declaration.   " When the Statute is pleaded, (says *Angell,*) the plaintiff may therefore reply the new promise, and when the pleadings assume this shape, the original promise is apparently the cause of action, but it is the new prom- ise alone that gives it vitality, and that is substantially the cause of action."   *Angell on Limit.* 315.   Without the new promise, the plea prevails—with it, the plaintiff prevails; and this is what this Court mean when, in *Martin vs. Broach,* they hold that the new promise is the cause of action.   It is apparent that these doctrines

leave the old contract to avail the holder for what it is worth. If it be negotiable, it may enter into the circulation with such credit and value as men, cognizant of the laws of the land, may give to it— it is of itself the ground of an action, and may be the ground of a recovery; but it is, in all events, liable to be met in the Courts of Justice with the plea of the Statute, whilst it, at the same time, carries with it, into whose soever hands it may pass, the right of the plaintiff in a suit on it, to reply to such plea a new promise. The *debt* is not extinguished—it is still due in conscience, and as above explained, due in law. "If, then," say this Court in *Martin vs. Broach,* "four years elapse after the cause of action accrues on an open account, there can be no recovery thereon, still the debt is not *extinguished*—it remains due in *conscience,* and the moral obligation to pay is a good consideration for the new promise. It remains, in some respects, due in *law,* too; for if the defendant omits or declines to plead the Act of Assembly, he is to be considered as having waived the benefit of it, and the plaintiff may recover against him." 6 *Ga. Reps.* 37.

Such are the principles settled by this Court in the case of *Martin vs. Broach,* which is relied upon by the defendant in error. With such principles in view, that case establishes a new rule of pleading, when a party plaintiff relies upon a new promise. As before stated, the English Courts adhere to the practice of declaring on the old promise, and leaving the plaintiff to avail himself of the new promise by replication. See *Upton vs. Else,* 12 *Moore's R.* 303. Such, too, is the practice in some, perhaps most of the States of our Union, and such has been the practice in our own Courts. This Court has changed that practice, and in accordance with the principles involved, and in accordance with our own Statute, they ruled, in *Martin vs. Broach,* that where a plaintiff relies upon a new promise, he must bring his action upon that, setting forth the old promise as the consideration and inducement of the action. This was thought necessary by the Act of 1799, which requires that the petition " shall contain the plaintiff's charge, allegation or demand, plainly, fully and distinctly set forth." *Prince,* 420. The obligation of this Statute was not fulfilled in this State, and could not be, under the former practice, because we have also an Act, (and a very unwise one so far as replications are concerned,) which abolishes all special pleading. *Prince,* 442. In consequence, our replications are by word of

mouth, uttered at the trial, and provable, although not spread upon the record—the defendant thus having no notice, until the trial of the charge, allegation or demand, upon which the plaintiff relies for his recovery, in the very teeth of the reason and policy of the law of 1799. In such cases, our records look ridiculously absurd; they show a recovery, but upon what ground they are silent. Nay, farther, they show a judgment for the plaintiff, when, at the same time, they show that, according to the law of the land, he is not entitled to that judgment, thus contradicting themselves. Acting upon the obligation created by the Act of 1799, and according to the principles involved in such cases, and without violating the Act abolishing replications in writing, the Supreme Court of Georgia ruled as stated in *Martin vs. Broach.* That was the head and front of our offending.

Now, according to these views, the original note, having a negotiable quality, retains that quality or attribute, although barred upon its face ; and it draws after it the new promise—it is the consideration of the new promise—the new promise has reference to it, and adopts its negotiability. The rule is settled, that the acknowledgment which takes a case out of the Statute, must not only admit the justice of the original debt, but that it is *still due.* The new promise, whether express or implied, when there is no stipulation in it to the contrary, is to pay the debt due on the *original contract.* It is, therefore, a promise to pay according to the terms of that contract; and if the old contract be negotiable, it follows that the new promise is an undertaking to pay to whomsoever the old contract may be transferred. Hence, it has been held, that the promise is sufficient, if made to a stranger. 4 *Pick.* 110. *Ry. & M.* 407. 3 *Camp.* 32. 5 *B. & Ald.* 141. 4 *Johns.* 461. Or if made in any case while the action is pending. 2 *Burrow,* 1099. 11 *Johns.* 146. If made by the principal debtor it binds the surety. 4 *Pick.* 482. If by one of several joint debtors, it binds them all. 1 *Greenlf. Ev.* §§174, 176. 7 *Greenlf. R.* 26. 3 *Pick. R.* 291. 4 *Conn.* 336. 1 *McCord,* 541. 17 *Conn.* 511. And where the plaintiff shows a general acknowledgment of indebtment, the burthen of proof is on the defendant, to show that it related to a different demand from the one in controversy. 4 *Pick.* 110. 1 *Bing.* 266. *And in case of a negotiable security, it is sufficient if made to a prior holder, and that is this case. Little vs. Blount,* 9 *Pick.* 488. 2 *Greenlf. Evid.* §441.

*Fry vs. Barker*, 4 *Pick.* 382.   *Chitty on Contracts*, 836, *note* 2.   1 *Har. & Gill.* 204.   *Dean vs. Hewitt*, 5 *Wend.* 257.   *Soulden vs. Van Renssalaer,* 9 *Wend.* 293.

Let the judgment below be reversed.