No. 100.—VAN BUREN  & CHURCHILL, plaintiffs in error, *vs.* WEBSTER & HUDGINS, defendants in error.

[1.] Where a note is  barred on its face, and  the plaintiff relies  on a subsequent promise, by *parol*, to take it out of the Statute, the action on  it cannot be maintained; and in  the form prescribed by the Act of 1847, "to simplify and  curtail pleadings at law," the 3d section of that Act applies only to "written promises."

[2.] *Phillips vs. Dodge*, (8 *Geo. Rep.* 51) overruled by *Cameron vs. Moore and Wife*, 10 *Geo. Rep.* 363, and *Hotchkiss vs. Newton*, (*Ibid,*) 560.

Action on a note, in Muscogee Superior Court.   Tried before Judge IVERSON.   November Term, 1852.

The plaintiffs in error brought suit upon a note made by the defendants in error, in the form prescribed by the Act of 1847, entitled, "An act to curtail and simplify pleadings at Law;" adding thereto an averment of a subsequent promise to pay the note, for the purpose of avoiding the plea of the Statute of Limitations. Upon the trial, counsel for defendants demurred to that portion of the declaration averring the subsequent promise, and objected to any evidence being introduced under it, on the ground that such an averment could not be introduced in that form of pleading. The Court sustained the demurrer and rejected the evidence; and these decisions are assigned as error.

Downing, for plaintiff in error.

W. Williams, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

This was an action brought by Van Buren, Churchill and Weed, in the Superior Court of Muscogee County, against Webster & Hudgins, to recover a note given by the defendants, at New York, the 20th of August, 1845, for $179.35, payable six months after date, at the Bank of St. Mary's, at Columbus, Georgia, with current rate of exchange, &c. The pleader sued under the short forms prescribed by the Act of 1847, " to simplify and curtail pleadings at law." *New Digest*, 490.

[1.] The Statute of Limitations being pleaded, the plaintiff offered proof of a new promise, within six years, in order to take the case out of the bar. The proof was objected to, on the ground that under the form of action prescribed by the Statute, no proof was admissible of a new promise; and the declaration itself was demurred to, and. the demurrer sustained, and the case was dismissed; because the action itself could not be brought under this form, the cause being the *new promise,* which is by *parol,* and not the *old note.* .

This Court held, in *Martin vs. Broach,* (6 *Geo. Rep.* 21,) that where the original cause of action was barred, and the party relied on a subsequent promise, that the new promise, and not the old debt, was the cause of action ; that the latter was only inducement to, and consideration for, the new promise ; and we adhere to that opinion.    But here the suit is brought upon the old note ·alone, and cannot, in fact, be brought in any other way ; for the 3d section of the Act under which it is brought, makes provision only to recover money on "*written promises ;*" and here, the new promise is not in writing, but by parol.

[2.] Nor can the action be amended so as to save this case. It may be amended·so as· to make it correspond with the statutory form, if necessary.    Beyond this we cannot go ; for we should make void the Statute, if we did.    Moreover, it is unnecessary to amend the pleadings, for we allow proof under the form as prescribed, to be received, to supply the omission of necessary averments in the form ; provided, the cause of action can be brought under it.    Such was the judgment of this Court, in *Cameron vs. Moore and Wife,* (10 *Geo. Rep.* 368,) *and Hotchkiss vs. Newton,* (*Ibid,* 560,) which two cases virtually overruled the earlier construction put upon the Act, in *Phillips vs. Dodge,* 8 *Geo. Rep.* 51.

For myself, I entertain no hostility to the Act of 1847, under which this proceeding has been instituted ; but I feel it to be my duty, as it is my pleasure, to execute it in good faith, and according to its true intent and meaning.    And so far from construing it strictly, I hold that the very reverse is true, namely : that it should be liberally interpreted, as it was intended to afford additional facility for the recovery of rights ; still I shall never fail to regret that the great Judiciary Act of 1799, had not remained intact, the forerunner and model of all modern Law Reform ; not as it was administered by the Courts of the State, but in the spirit in which it was conceived and concocted by its authers.    As Minerva, the Goddess of Wisdom, was generated full grown, from the brain of Jupiter, so I revere this Statute as the embodiment and personification of judicial perfection.    It is a matchless miracle of human sagacity.