Daniel B. Rich *vs.* John Dupree.

---

No. 82.—DANIEL B. RICH, plaintiff in error, *vs.* JOHN DU-PREE, defendant in error.

[1.] If a promise to pay a debt is made before the debt is barred by the Statute of Limitations, the effect is to annul the operation of the Statute, up to the time of the promise, and to make the time of the promise, a time from which the Statute re-commences running.

[2.] One who is not connected with a debt, is not incompetent to testify as to the debt.

[3.] When the old promise is the foundation of the suit, other promises, in support of that promise, may be proved without being alleged.

Daniel B. Rich *vs.* John Dupree.

[4.] If, at different times, a debtor makes independent promises, as to the payment of his debt, the operation of any one of the promises, is not affected by the others.

Complaint, in Baker Superior Court. Tried before Judge PERKINS, October Term, 1853.

This was an action brought 30th March, 1848, by John Dupree, bearer, against Daniel B. Rich, on a promissory note, dated March 27, 1841, due on demand, for $700, and payable to Nathan G. Christie, or bearer. The suit was brought under the Act of 1847, "to curtail and simplify pleadings at Law"; and a copy of the note was annexed, with a credit of $200, dated October 15, 1842. The defendant pleaded the Statute of Limitations.

On the trial, defendant demurred to the declaration, on the ground that on its face, the cause of action stated therein was barred by the Statute of Limitations. The Court overruled the demurrer, and defendant excepted.

Plaintiff then offered the depositions of N. G. Christie, the payee, in order to prove the credit of $200 on the note—to which defendant objected, on the ground that he was interested. The Court overruled the objection, and defendant excepted.

To the second interrogatory, Christie swore, that "Defendant told witness he had paid $200 on the note, and he knew that it was credited on the note. Witness thinks he said he placed it there himself, and said he would pay the rest as soon as he could". Defendant objected, on the ground that the pleading showed no allegation of any such promise, implied from this payment. The Court overruled the objection, and defendant excepted.

Defendant's counsel requested the Court to charge the Jury, that if the promise to pay, was accompanied with the condition, " as soon as the defendant could", that the plaintiff could not recover, there being no allegation in the petition that the defendant was able to pay, or proof that he was.

The Court declined so to charge, but charged as follows :

Daniel B. Rich *vs.* John Dupree.

" That if they believed, from the evidence, that the credit purporting to have been made on the note was a *bona fide* credit, and that said payment was made by the defendant, or by his authority, at the time it purported to have been made by the credit, it was such an acknowledgment of the debt as cre-. ated an implied promise to pay the same; and if the action was commenced within six years thereafter, the note was not barred by the Statute".

To this, defendant excepted; and upon these exceptions assigned error.

DEVON, for plaintiff in error.

BOWERS, for defendant in error.

*By the Court.*—BENNING J., delivering the opinion.

[1.] Was the Court below right in overruling the demurrer to the declaration ?

The plaintiff in error contends that the Court was not; and that the case of *Martin vs. Broach and others*, (6 *Ga. Rep.* 21,) shows it.

But that case is not like this. In that case, the promise was made " *After* the bar of the Statute of Limitations had attached". (22.) In this, the promise was made *before.*— When made in this, therefore, the old promise was still sub- · · · sisting and good ; and so the effect of the new promise could not have been more than to add continuance to the old promise, to give it a greater length of days than it would have had, if left to itself. The effect could not have been to substitute the new promise for the old one—to make the new promise equivalent to a renewal of the note.

In this case, the foundation of the suit, therefore, is the *old* promise—the note itself.

The demurrer admits the credit as stated in the declaration. As stated in that, the credit was entered within six years after the note fell due. And the credit, as stated under the Act for simplifying pleadings at Law, makes a part of the cause of ac-

tion. The demurrer, therefore, in admitting the credit to be true, admits the old promise to be good—admits the case to be out of the Statute of Limitations.

It would not be right, however, for me to leave the impression that this Court considers the objection of the Statute of Limitations to be one which, at Law, may be taken by demurrer. The Court is to be understood as expressing no opinion on that question. Speaking for myself, I feel no hesitation in saying that I do not believe the objection to be one which can be so taken.

I must say, too, that in referring to the case of *Martin vs. Broach*, I am not to be considered as approving it.

I do *not* approve it. I do not think there is to be found a single *English* case which supports it. And it is to English cases, and our State Legislation, that we have to look for what is Law. In my opinion, the true rule is to be gathered from the case of *Hyleing vs. Hastings*, (1 *Lord Raymond*, 389, 421.) In that case, "Holt, Chief Justice, reported to the King's Bench, that he had put this case to *all* the Judges of England, (except Lechmere,) assembled at Serjeant's Inn, and that they were *all* of opinion that this conditional promise *had brought the case out of the Statute of Limitations;* and that a general *indebitatus assumpsit* might be well maintained, because the defendant has waived the benefit of the Statute".

The effect of the new promise is, to bring the old one *out of* the Statute; i. e. to bring it where the Statute does not operate on it at all. The old promise, by the new one, becomes as good as new. And this, in cases where the old promise is barred at the time of the new.

[2.] Was Christie so interested as to be incompetent to testify for the defendant in error?

Plainly, he was not at all interested. For aught that appears, he stood, in every respect, disconnected from the note.

[3.] In disposing of the first exception, we have disposed of the third. The *old* promise is the foundation of the suit. The new promise is evidence in support of the old—is evidence to

show that this was kept in full force, notwithstanding the lapse of six years, next after it fell due.

[4.] It appears that the conversation to which Christie testifies—that in which he says the plaintiff in error told him " he would pay the rest as soon as he could", took place at one time, and that the credit was entered at another and a previous time. Whatever inference, therefore, is to be drawn from the entry of the credit, is to be drawn from it, notwithstanding the conversation.

Now, as to the inference to be drawn from the entry of the credit, there can be no doubt the Court below correctly stated what it was. And that being so, it follows that the Court could not, as requested, charge that if the promise to pay was accompanied with the condition, " as soon as the defendant could", the plaintiff could not recover, unless it had been alleged and proved that the defendant had become able. If the first promise was absolute and good, it was sufficient, although the second might be conditional and worthless. The request to the Court amounts to this : if the second promise is worthless, tell the Jury both promises are worthless.

We find no error in this record.