## HARLAN VS. BERNIE & MEYER, USE ETC.

A written acknowledgment or promise to pay a debt removes the bar of the statute of limitations from the original cause of action—it is not to be regarded as a new contract upon which the suit is to be brought.

A written acknowledgment, in order to remove the bar of the statute, must import an express recognition that the debt claimed is due in whole or in part—and so a written acknowledgment, at the foot of an account, that the "debits and credits are correct, and subject to the settlement of accounts" between the parties, is not sufficient to remove the bar of the statute.

The rule of practice, that a judgment rendered by the Circuit Court sitting as a jury will be affirmed on appeal unless a motion for a new trial be made, or declarations of the law applicable to the case be asked, will be considered as waived, where the objection is not insisted on in this court

### Error to Sebastian Circuit Court.

Hon. FELIX I. BATSON, Circuit Judge.

DUVAL & KING, for the plaintiff.

A written acknowledgment, to remove the bar of the statute, must be an express acknowledgment of a present subsisting debt, and must be unqualified and unconditional. *Brown vs. Bank,* 5 *Eng.* 134; *Bell vs. Morrison,* 1 *Peters* 351; 6 *Peters* 86; 11 *John.* 146; 4 *Pick.* 110.

Connected with the admission of a present subsisting debt, must be either an express promise to pay it, or circumstances must exist authorizing the presumption of an implied promise. *Alston vs. State Bank,* 4 *Eng.* 438; *Grant vs. Ashley,* 12 *Ark.* 764; 6 *Peters* 8.

WILLIAMS &. MARTIN, for defendant.

If a fixed and certain sum is admitted to be due to a plaintiff for which an action would lie, such admission is proper evidence to sustain a count upon an account stated. 1 *Ch. Pl.* 391.

Mr. Justice FAIRCHILD, delivered the opinion of the Court.

" We the undersigned agree that the foregoing debits and

credits are correct, and subject to the settlement of accounts between A. Harlan & Co., and Bernie & Meyer. June 17th, 1856.

GEORGE S. BERNIE,<br>A. HARLAN."

This was an endorsement at the foot of an account of merchandize sold, and credits given in 1847; the account being rendered by Bernie & Meyer for the use of George S. Bernie, against A. Harlan & Co.

The plaintiff in error complains that he was not discharged from the action of assumpsit, brought against him in the Circuit Court, on his plea of limitations; while the defendant in error maintains that the judgment he obtained ought to be affirmed, as the endorsement discloses a cause of action accruing from its date, maintainable upon the new promise implied therein, which would be good under the count for an account stated: And that, as an acknowledgment in writing, it withdraws the case from the effect of the statute, though the action be construed to be founded on the original account.

It is the doctrine of this court, and is the law, that a written acknowledgment of a debt, or promise to pay it, is to be considered as a removal of the statute bar from the original cause of action, and not as a new contract, or as a foundation for a new suit, that could not be supported upon the old contract. *Biscoe vs. Stone,* 6 *Eng.* 40; *Biscoe vs. Jenkins,* 5 *Eng.* 119.

Considering, then, the action as founded upon the original account, is the endorsement a sufficient acknowledgment of the debt, or promise to pay it, to defeat the statute of limitations? While our statute has not defined the requirements of such written acknowledgment or promise, the decisions of this court leave no doubt as to what its character should be. And they are, that the promise should be an express promise to pay the debt, which is taken as an acknowledgment that the debt is due, or an unqualified acknowledgment of the debt, as one that is due, in whole or in part. *Alston vs. The State Bank,* 4 *Eng.* 485; *Brown vs. The State Bank,* 5 *Eng.* 134; *Beebe vs. Block,* 7 *Eng.* 597; *Grant vs. Ashley, ib.* 764.

OF THE STATE OF ARKANSAS. 219

TERM, 1860]        Harlan vs. Bernie & Meyer, use etc.

These decisions are of themselves our guide, but they are fully accordant with and supported by the general consent of all approved English and American authorities. The endorsement contains an acknowledgment that the items of the account are correct, but it does not acknowledge that the balance named at the foot of the account is due—on the contrary, it excludes such a conclusion, by making the account "subject to a settlement of accounts between A. Harlan & Co., and Bernie & Meyer. It is not an acknowledgment that the account, or any part of it, is due from Harlan & Co. to Bernie & Meyer, but that upon a future settlement between the parties, the balance set down shall be considered, in that settlement, as the adjusted claim of Bernie & Meyer, to be affected as it may by the account of A. Harlan & Co. against Bernie & Meyer. The endorsement goes for nothing without such settlement. In *Sutton vs. Burriss*, 9 *Leigh* 384, 386, it is held, that the acknowledgment of the correctness of an account, with the claim of its being subject to off-sets, will not prevent the bar from attaching to the account, as it was not an acknowledgment of the account being due.

Like the case of *Sloan vs. Sloan*, 6 *Eng*. 32, this was not a settlement of mutual accounts, and striking a balance between them, whereby the set-off of the smaller account should be converted into a payment towards the larger. Unlike that case, there was in this, no promise to pay any sum; but like it, the parties ran over the items of account of one of the parties, which did not change their legal relations. In that case, the verbal promise to pay the amount agreed upon was held insufficient to deprive the plaintiff in error of the benefit of the statute, and the same result must attach to this case, because that which is relied on as a written acknowledgment, is not so, being qualified by the condition of a subsequent settlement, and not being an acknowledgment of any debt being due.

The Circuit Court regarded the endorsement as a sufficient acknowledgment to remove the bar from the original demand, or to be a good new promise to uphold this suit; in which it erred, and its judgment must be reversed.

We have passed upon the merits of this case, notwithstanding that, on the part of the defendant in error, there was no special replication of the written acknowledgment within three years to the plea of limitations; and notwithstanding, on the part of the plaintiff in error, the case was subject to affirmance, under the rule that requires a party complaining of the finding and judgment of the court sitting as a jury, to move for a new trial, or for declarations of the law applicable to the case. The defect in the latter case is, in the non-observance of a rule of practice, which we have always held fatal to the review of a judgment, when the objection is made here, but which we are inclined to overlook, when not insisted on by the opposite party. Such is the waiver of this point in this case, by the argument of the defendant in error. It is only upon a question of jurisdiction, or some vital point affecting the merits of a case, that we can consent to put ourselves in the ungracious, and generally unbecoming attitude of determining a case upon the points not raised by the counsel in charge thereof.

And as to the pleading adopted by the defendant in error, we need only say that the replication was met by issue, and being pleaded in short upon the record, a mode of pleading much to be encouraged when applicable, we are inclined to consider it as a special replication, setting up the written endorsement. This would have to be so considered to uphold it, had any objection been made to the introduction of evidence under it, for its generality. And in this we follow a previous decision of this court. *Higgs vs. Warner,* 14 *Ark.* 194. See also *Alston vs. The State Bank,* 4 *Eng.* 462.