Frisbee v. Seaman.

| 49 | 95 |
|-----|-----|
| 132 | 486 |

FRISBEE v. SEAMAN.

1. **Foreign Judgment:** JURISDICTION. The fact that a confession of judgment was sworn to in one county in another State would not defeat the jurisdiction of the court of another county in the same State to render judgment thereon, where the intent of the parties was apparent that judgment should be so rendered.

2. ———: ———: PLEADING. The certificate of the clerk of the court in which the judgment was rendered, reciting that he found among the records and files the confession of judgment in controversy, was *held* to be a certificate that the judgment was recorded sufficient for the purpose of a demurrer.

3. **Statute of Limitations:** NEW PROMISE. The admission that a debt is unpaid, and a new promise to pay the same, made before the bar of the statute becomes complete, will bind the debtor.

4. ———: ———: ACTION. An action upon a debt revived by a new promise to pay is properly brought upon the original cause of action, and not on the new promise.

Frisbee v. Seaman.

*Appeal from Dubuque Circuit Court.*

FRIDAY, JUNE 14.

THE petition states that on the 8th day of August, 1854, the defendant executed, under oath, a confession of judgment in Jefferson county, New York, whereby he admitted himself justly indebted to James Freeland *et al.* in the sum of two thousand one hundred and fifty-one dollars and twenty-five cents, for goods, wares and merchandise sold and delivered; that said confession was duly filed in the Supreme Court in and for the city and county of New York, a court of competent jurisdiction, on the 18th day of September, 1854, and on said day last named said court rendered judgment against said defendant for the sum of two thousand one hundred and fifty-one dollars and twenty-five cents, with five dollars costs, as will more fully appear from a copy of the proceedings hereto attached and made a part hereof; that said judgment remains in full force and unsatisfied; that on the 26th day of September, 1866, the said defendant, in writing, acknowledged that said claim, evidenced by said judgment, was still due, and renewed said judgment, as will more fully appear from a copy of said written acknowledgment and promise hereto annexed and made a part hereof.

To this petition there was a demurrer, which was overruled, and defendant appeals.

*Myron H. Beach,* for appellant.

*Shiras, Van Duzee & Henderson,* for appellee.

SEEVERS, J.—I. Conceding the assignment of errors to be sufficiently definite and specific, we proceed to a consideration 1. FOREIGN of the alleged errors as presented by counsel for judgment: jurisdiction. appellant in his argument. It is said, as the confession of judgment was made and sworn to in the county of Jefferson, that the Supreme Court of the city and county of

Frisbee v. Seaman.

New York had no power or jurisdiction to render a judgment thereon. But the petition states that such court was a court of competent jurisdiction, and this the demurrer admits. Besides this the confession is attached to and made a part of the petition. Turning to that we find it is entitled "City and County of New York Supreme Court." The fact that it was sworn to in Jefferson county makes no difference. It is evident the intent was to have the judgment rendered in the Supreme Court in and for the city and county of New York.

II. It is insisted no judgment was rendered, but the petition states there was, and this is admitted by the demurrer. The clerk of the Supreme Court certifies that among the records and files he finds a certain judgment on confession therein in words and figures following, etc., and then follows a regular and proper judgment, indorsed on the confession. It is insisted this is not sufficient, because it is not shown to have been entered of record. But we think the averments of the petition are sufficient on demurrer. It is unnecessary to say what would be the ruling if there had been an answer alleging there was no such record, and the proof had consisted simply of the record now before us.

*2. ——: ——: pleading.*

III. This action was commenced in March, 1877, and it is lastly urged that the action is barred by the statute of limitations. An action on the judgment would have been barred in August, 1874, but for what is claimed to be a renewal thereof, or a promise to pay the same. The statute provides that causes of action, founded on contract, are revived by an admission that the debt is unpaid, as well as a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby. Revision, § 2751; Code, § 2539. The writing signed by the defendant is as follows:

"Judgment Supreme Court, N. Y., September 18, 1854, two thousand one hundred and fifty-six dollars and twenty-five

cents.    September 15, 1865, says gets fifteen dollars per week
in grocery and fruit store.    I have this day paid five dollars
on the above claim to renew the same and keep it from out-
lawing.

"DUBUQUE, September 26, 1866.

"ANDREW SEAMAN."

It is insisted the writing does not identify the judgment,
but we think otherwise.    The judgment referred to in the
writing is of the same date as the one sued on, and was ren-
dered by the Supreme Court of New York.    The amount is
the same, if the costs are added thereto, and this, it is evi-
dent, was done in the writing, and the latter must have the
effect of reviving the judgment, or its very object and pur-
pose is defeated.

The admission that the debt is unpaid, or the new promise,
may be made before the bar of the statute becomes complete
3. STATUTE of    as well as afterwards.    *Penley v. Waterhouse*, 3
limitations:
new promise.    Iowa, 418; *Lin 'sey v. Lyman*, 37 Id., 206.

It is well settled that a new consideration is not required
to support such acknowledgment or new promise.

This action is not brought on the admission or new prom-
ise.    Indeed, we regard the settled and better doctrine to
4. ——: ——:    be that the action should in all instances be
action.    brought on the original cause of action, and not
on the new promise.    Under the statute the original judg-
ment was barred in twenty years from the date of its rendi-
tion.    Code, § 2529.

One of two things we think must be true—*First*, that the
writing has the effect to revive the judgment for the period of
twenty years from the time it would otherwise have become
barred; or, *second*, that it has the effect to extend the period
of the statutory bar for twenty years from the date of the
writing, and whichever view is adopted this action was com-
menced in time.

Whatever effect the writing has is by reason of its operation on the judgment.. This follows because no action can be brought on the writing, and such operation must be to extend the period of limitation from the one period or the other above stated.

AFFIRMED.