# PROVIDENCE COUNTY.

———◆———

MARIA L. TAYLOR by her next friend *vs.* JOHN W. SLATER, Executor, *et als.*

A new promise made on a debt not yet barred by the statute of limitations does not create a new cause of action, but merely suspends the bar of the statute for a period of limitation which begins with such new promise.

A demand note was given in 1872. No payment was ever made on it except that in 1874 another demand note was given for interest on the first, and an indorsement was made on the first, "Interest on the within to January 1, 1874, paid by note dated January 1, 1874, on demand."

*Held,* that the first note was outlawed January, 1880.

The first note was bought by, and the second note given to, a married woman whose husband was one of the makers of both notes.

*Held,* that coverture prevented the statute of limitations running against the second note.

*Held,* further, that the second note was without consideration. It was received, not in absolute, but in conditional, payment of interest.

In Rhode Island taking a note for a preëxisting debt does not discharge the debt. It amounts merely to conditional payment.

BILL IN EQUITY for an account, and to enforce payment of a promissory note. On demurrer to the bill. The facts are stated in the opinion of the court.

*Charles Hart & Charles P. Robinson,* for respondents in support of the demurrer.

The suit is barred by the statute of limitations. 2 Parsons on Notes and Bills, 642; *Presbey et al.* v. *Williams,* 15 Mass. 193; *Little* v. *Blunt,* 9 Pick. 488; *Arnold* v. *The United States,* 9 Cranch, 104.

The statute having begun to run, coverture will not prevent its running. Angell on Limitations, 2d ed. cap. 19, § 5; *Rogers* v. *Brown,* 61 Mo. 187; *Harris* v. *McGovern,* 2 Sawyer, 515; *Swearingen* v. *Robertson,* 39 Wisc. 462; *Hogan* v. *Kurtz,* 94 U. S. 773; *McDonald* v. *Hovey,* 110 U. S. 619.

But it is said that the second note given for the amount of interest due January 1, 1874, was a valid note, and made a new contract, viz., a contract during Mrs. Taylor's coverture, so that the statute of limitations has not run upon either the old note, which thus became a contract, or upon the second note.

In reply we say that the second note is invalid, is a contract between husband and wife, which by the law of this State cannot be enforced, *i. e.* with a partnership of which he is a member. *Haly* v. *Lane*, 2 Atk. 181; *Roby* v. *Phelon*, 118 Mass. 541; *Ames* v. *Chew*, 5 Metc. 320; *Sweat* v. *Hall*, 8 Vt. 187.

And so in Illinois, unless with intervention of trustee. See *Hoker* v. *Boggs*, 63 Ill. 161; *Pike* v. *Baker*, 53 Ill. 163; *Grove* v. *Jeager et al.* 60 Ill. 249; *Thomas* v. *Mueller*, 106 Ill. 36.

Prior to July 1, 1874, such contracts were void. *Phillips* v. *Meyers*, 82 Ill. 67, 68; *Fowle* v. *Torrey*, 135 Mass. 87, 90; *Tucker* v. *Fenno*, 110 Mass. 311, 312; *Bassett* v. *Bassett*, 112 Mass. 99; *Jackson* v. *Parks*, 10 Cush. 550; *Ingham* v. *White*, 4 Allen, 412; *Kenworthy* v. *Sawyer*, 125 Mass. 28.

If the second note did constitute a valid contract, then its only office was further to extend validity of the old note six years, and those ran out in January, 1880. C. J. Shaw says in *Sigourney* v. *Drury*, 14 Pick. 387, 391: " There is an obvious difference between the effect of a payment within the term which shall *continue* an existing liability in force, and such payment made after the liability is barred to *revive* and create a new liability."

It extended the old contract, made no new one. *English* v. *Wathen*, 9 Bush, Ky. 387; *Gilmore* v. *Green*, 14 Bush, Ky. 772; *Stearns* v. *Adm'r of Stearns*, 32 Vt. 678, 680; *Penley* v. *Waterhouse*, 3 Iowa, 418, 435; *Shackleford* v. *Douglass*, 31 Miss. 95, 97; *Winchell* v. *Bowman*, 21 Barb. S. C. 448, 451; *Philips* v. *Peters*, 21 Barb. S. C. 351, 357.

It is a promise made while the first promise was a valid obligation. If the obligation to pay the first note had already expired by the force of the statute of limitations, there might be some force in saying a new contract in terms of the first note had been made, but not till then. The effect of the second note could at most extend the validity of the first note six years from January 1, 1874. *Munson* v. *Rice*, 18 Vt. 53; *Deshler* v. *Cabiness*, 10 Ala. 959; *Randon* v. *Tobey*, 11 How. U. S. 493, 519; *Harlan* v. *Bernie & Meyer*, 22 Ark. 217; *Green* v. *Greensboro College*, 83 N. Car. 449; *Case* v. *Cushman*, 1 Pa. St. 241, 246.

The second note was not accepted as payment of interest unless really paid. It is indorsed on first note as payment by note.

The bill does not aver that Mrs. Taylor accepted second note as a payment of interest, but asserts that, " except the giving of said note for $3,569$\frac{45}{100}$, no portion of either of said notes, principal or interest thereon, has ever been paid, *but said notes, with interest thereon from their respective dates according to the tenor thereof,* are still outstanding and unpaid in the hands of your oratrix." See *Blanchard* v. *Blanchard*, 122 Mass. 558, 562; *Scott* v. *Ware*, 64 Ala. 174, 185 ; *Bodger* v. *Arch*, 10 Exch. Rep. 333; *Miller* v. *Lumsden*, 16 Ill. 161, 163 ; *Lock* v. *Wilson*, 9 Heisk. Tenn. 784.

*John F. Lonsdale & Walter H. Barney*, for the complainant, *contra.*

The statute of limitations does not bar the present case. Acknowledgment of the debt constitutes a new promise on which an action will lie. Angell on Limitations, 6th ed. §§ 208, 231 ; Wood on Limitations, § 64; *Jones* v. *Moore*, 5 Binn. 573, 576 ; *Bateman* v. *Pinder*, 3 Q. B. 574; *Whitcomb* v. *Whiting*, Doug. 652 ; 1 Smith Lead. Cas. *703, *711, *718; *Burleigh* v. *Stott*, 8 B. & C. 36 ; *Young* v. *Mackall*, 3 Md. Ch. 398, 406.

Part payment is a sufficient acknowledgment to take a case out of the statute ; and payment of interest has the same effect in this respect as part payment of principal. Angell on Limitations, 6th ed. § 240 ; Wood on Limitations, § 105.

Indeed, part payment by one only of the partners, even if the partnership had been dissolved, which was not the case here, would take a case out of the operation of the statute. *Burleigh* v. *Stott*, 8 B. & C. 36 ; *Merritt* v. *Day*, 38 N. J. Law, 32 ; *Turner & Salisbury* v. *Ross*, 1 R. I. 88; *Perkins* v. *Barstow*, 6 R. I. 505 ; *Goddard* v. *Ingram*, 3 Q. B. 839.

The giving of a note in part payment of principal or interest has the same effect as part payment in cash in taking a case out of the operation of the statute. Angell on Limitations, 6th ed. § 240 ; Wood on Limitations, § 114; *Ilsley* v. *Jewett*, 2 Metc. 168, 173 ; *Wenman* v. *Mohawk Ins. Co.* 13 Wend. 267.

At the time of making the new promise by giving the note for interest to the plaintiff, a married woman, the principal note had been turned over to her by her trustee, was in her hands and belonged to her, and the statute could not run on the new promise to pay the old note, or on the new note because of her disability. Pub. Stat. R. I. cap. 205, § 6.

The original promise to pay the principal note having been made before the note came into the complainant's possession, her disability would not stop the statute from running, had it not been for the new promise made by the giving of the note for interest. But the right of action on this new promise to pay the old obligation, as also the right of action on the new note, originally accrued to a person under disability; and, consequently, the statute cannot run against her right so long as this disability continues.

Neither the provisions of Gen. Stat. R. I. of 1872, cap. 152, § 16, nor those of any other enabling act, authorizing a wife to sue in her own name in a case like this, can deprive a married woman of the protection expressly given her by the statute, which excepts her rights from the operation of the statute of limitations. *Ashley* v. *Rockwell*, 43 Ohio St. 386; *Lippard & wife* v. *Troutman*, 72 N. Car. 551.

*January* 28, 1888. MATTESON, J. This is a bill filed in behalf of a married woman by her next friend, to obtain payment of two promissory notes from the estate of William S. Slater, deceased, who in his lifetime was a member of the firm by which the notes were made.

The bill alleges that August 3, 1872, the complainant's husband, Frank C. Taylor, John M. Wright, the said William S. Slater, deceased, and Earl P. Mason, also deceased, were engaged in business in Chicago as copartners, under the name and style of Taylor & Wright; that on that date said firm made, indorsed, and negotiated at the Fourth National Bank of Chicago their negotiable promissory note of that date for $25,000, payable to the order of themselves at said bank on demand, for value received, with interest at ten per cent. till paid; that the firm received the proceeds of said note, and that two days later the trustee of the complainant's separate estate, by her direction, purchased said note with funds belonging to her separate estate; that shortly after giving said note said firm failed in business, and the said Frank C. Taylor and the said John M. Wright became insolvent, and have ever since remained and now are insolvent and unable to pay said note, and without property on which process or execution could be levied; that on or about January 1, 1874,

said firm gave her another note of that date, by them signed as " Taylor & Wright, in liquidation," in and by which they promised to pay to the order of themselves, on demand, $3,569.45, with interest at ten per cent. per annum till paid, value received, which note was by said firm indorsed and delivered to the complainant as interest on said note for $25,000, and was indorsed thereon, such indorsement being in the words and figures following, viz. : " $3,569.45. Interest on the within to January 1, 1874, paid by note dated January 1, 1874, on demand ; " that, except the giving of said last mentioned note, no portion of either of said notes, principal or interest, has been paid, but said notes, with interest thereon from their respective dates, according to the terms thereof, are still outstanding and unpaid in the hands of the complainant; that the complainant married her present husband, said Frank C. Taylor, June 9, 1864 ; that said Earl P. Mason deceased on September 21, 1876, and the said William S. Slater May 28, 1882; that said Slater left a will in which the respondent, John W. Slater, was appointed executor, and which was probated on the ·day of July, 1882 ; that an appeal was taken from the probate of said will, but the decree probating the same was confirmed by this court on the second day of the October Term, 1882 ; that said John W. Slater duly qualified himself as such executor; that demand was made upon said William S. Slater in his lifetime for the payment of said notes, and has been made since his decease upon said executor ; but that each has neglected and refused to make such payment.

The bill was filed January 12, 1884. It was originally against the said John W. Slater, in his capacity as executor of said will, and the said Taylor and the said Wright. Subsequently it was amended by joining as respondents the legal representatives of the said Earl P. Mason. Said executor and said legal representatives have demurred generally to the bill, and upon the hearing orally assigned, among other grounds of demurrer, that the claim was barred by the statute of limitations.

It was conceded on the part of the complainant that inasmuch as the statute had begun to run upon the original note before it came into her possession, its running would not be suspended by reason of her being a married woman ; but it was contended that

the giving of the second note in payment of the interest upon the first created a new cause of action, not only on the new note so given but also upon the original note, and that, as such new cause of action accrued to her while under disability, the statute would not run against it so long as the disability continues ; and hence, as she has remained a married woman down to the filing of the bill, the claim is not barred.

The question whether a new promise to pay a debt already barred by the statute creates a new cause of action, so that suit must be brought upon it instead of the original contract, has given rise to considerable diversity of opinion. On the one hand, it has been held in a number of cases that such new promise is a new cause of action, and that suit must be brought upon it and not upon the original promise. *Reigne* v. *Desportes,* Dudley, Law, S. Car. 118, 123–130 ; *Martin* v. *Broach,* 6 Ga. 21, 31–35 ; 50 Amer. Decis. 306, 311–315, but doubted in *Rich* v. *Dupree,* 14 Ga. 661, 664 ; *Bird* v. *Adams,* 7 Ga. 505, 508 ; *Van Buren* v. *Webster,* 12 Ga. 615, 617 ; *Coles* v. *Kelsey,* 2 Tex. 541, 546–550 ; 47 Amer. Decis. 661, 666, 667 ; *Erskine* v. *Wilson,* 20 Tex. 77, 81 ; *Kampshall* v. *Goodman,* 6 McLean 189, 192, 193 ; *Hopkins* v. *Stout,* 6 Bush, Ky. 375, 378 ; *Carr's Executor* v. *Robinson & Dudley,* 8 Bush, Ky. 269, 274 ; *Truesdale's Adm'r* v. *Anderson,* 9 Bush, Ky. 276, 277. In these cases the courts proceed upon the theory that the debt is extinguished by the statute ; but inasmuch as it has been extinguished by operation of law, instead of by the act of the parties, a moral obligation to pay it remains, and this moral obligation is a sufficient consideration for the new promise. On the other hand, it has been held in numerous cases that the statute does not extinguish the debt, but only bars the remedy ; that the new promise simply removes the bar of the statute, thereby enabling the plaintiff to recover upon the original contract, and does not create a new cause of action which can be made the basis of a suit and judgment. *Leaper* v. *Tatton,* 16 East, 499, 500 ; *Upton* v. *Else,* 12 Moore, 303 ; *Lord* v. *Shaler,* 3 Conn. 131, 134 ; *Barney* v. *Smith,* 4 Har. & J. Md. 485, 495 ; *Oliver* v. *Gray,* 1 Har. & G. 204, 215 ; *Kimmel* v. *Schwartz,* 1 Breese, Ill. 278, 280 ; *Newlin* v. *Duncan,* 1 Harring. Del. 204, 207, 208 ; *Ilsley* v. *Jewett,* 3 Metc. 439, 444, 445 ; *Philips* v. *Peters,* 21 Barb. S. C. 351, 357,

358 ; *Esselstyn* v. *Weeks*, 12 N. Y. 635, 637 ; *Yaw* v. *Kerr*, 47
Pa. St. 333, 334; *Biscoe* v. *Stone*, 11 Ark. 39 ; *Harlan* v. *Bernie
& Meyer*, 22 Ark. 217 ; *Frisbee* v. *Seaman*, 49 Iowa, 95, 98. And
there are cases which hold that suit may be maintained either
upon the original debt or upon the new promise. *Lonsdale* v.
*Brown*, 4 Wash. C. C. 148, 150 ; *Little* v. *Blunt*, 9 Pick. 488,
491–494.

But whatever difference of opinion may exist with reference to
the effect of a new promise in the case of a debt already barred, it
is settled that a new promise made before the debt is barred does
not create a new cause of action, but merely suspends the bar of
the statute for another period of limitation dating from such new
promise. *Sigourney* v. *Drury*, 14 Pick. 387, 390, 391 ; *Foster*
v. *Starkey, Adm'r*, 12 Cush. 324, 327 ; *Gilbert* v. *Collins*, 124
Mass. 174, 176 ; *Austin* v. *Bostwick*, 9 Conn. 496, 501 ; *Stearns*
v. *Adm'r of Stearns*, 32 Vt. 678, 682 ; *Penley* v. *Waterhouse*,
3 Iowa 418, 434 ; *Frisbee* v. *Seaman*, 49 Iowa 95, 98 ; *Hopkins*
v. *Stout*, 6 Bush, Ky. 375, 378 ; *Carr's Executor* v. *Robinson &
Dudley*, 8 Bush, Ky. 269, 274 ; *English* v. *Wathen*, 8 Bush, Ky.
387, 389 ; *Gilmore* v. *Green*, 14 Bush, Ky. 772, 774 ; *Green* v.
*Greensboro College*, 83 N. Car. 449, 454 ; *Rich* v. *Dupree*, 14 Ga.
661, 663, 664 ; *Briscoe et al.* v. *Anketell*, 28 Miss. 360, 372 ; 61
Amer. Decis. 553 ; *Shackleford et al* v. *Douglass*, 31 Miss. 95, 97 ;
*Trustees R. E. Bank* v. *Hartfield et al.* 5 Ark. 551, 555.

The allegation of the bill is that the second note given in pay-
ment of the interest accrued upon the first, the giving of which is
relied upon as creating a new cause of action to take the first out
of the operation of the statute, was made and delivered to the
complainant on or about the 1st day of January, 1874. This was
within six years from the date of the first note, viz., the 5th day
of August, 1872, and consequently before the first note had been
barred by the statute. The effect of the giving of the second note
upon the first, therefore, was not to create a new cause of action,
but merely to extend the running of the statute upon the first for
the period of six years from the time that the second was given.
This period of six years elapsed on or about the 1st day of Jan-
uary, 1880. As the bill was not filed till the 12th day of Jan-
uary, 1884, we think that the claim, so far as it rests upon the
first note, must be held to be barred by the statute.

Nor do we think that the complainant can maintain her suit upon the second note ; for though it would not be barred by the statute, having been given to her while under coverture and her coverture having continued down to the filing of the bill, we do not see that there was any consideration for it. The allegation of the bill is that it was given in payment of the interest which had accrued upon the first note. If it had been given in absolute payment or satisfaction of the claim for interest, so that the claim for interest was merged in it and thereby discharged or extinguished, that, doubtless, would have been a sufficient consideration. *Ogden* v. *Redd*, 13 Bush, Ky. 581, 582 ; *Gilmore* v. *Green*, 14 Bush, Ky. 772, 774, 775. It appears, however, from the copy of the first note, annexed to and made a part of the bill, that the indorsement of interest was not of absolute payment, but only of payment by the second note. The taking of a note for a preëxisting debt is not payment or discharge of the preëxisting debt, but amounts merely to conditional payment. *Sweet & Carpenter* v. *James*, 2 R. I. 270, 292, 293 ; *Wheeler* v. *Schroeder*, 4 R. I. 383, 388, 389. And where the note is taken payable on demand, as in the case at bar, the creditor is at liberty to sue immediately upon the original debt, being only required to deliver up the note before judgment. *Sweet & Carpenter* v. *James*, 2 R. I. 270, 292. The bill alleges no other consideration for the second note, and no facts from which a consideration can be inferred. We think, therefore, that the second note was of no validity as a note or cause of action, and affords the complainant no ground upon which to maintain her suit.

Having reached this conclusion, it is unnecessary to consider the other causes of demurrer assigned.            *Demurrer sustained.*