Locke *v.* Brady.

———◆———

## GARDNER B. LOCKE *v.* JOHN G. BRADY.

1. STATUTE OF JEOFAILS.—The statute of jeofails only applies to judgments regular on their face, as presented by the record, and justified by established practice in the particular case: it will not operate to justify a judgment not sanctioned by law, because the defendant has failed to make the objection until after verdict.

2. SCIRE FACIAS.—A *scire facias* will not lie to revive a judgment between the original parties thereto, except where there has been a failure to issue an execution for a year and a day from the date of the rendition of such judgment; it is therefore unnecessary, and without warrant of law, to issue a *scire facias* to revive a judgment, where a *fieri facias* has been regularly issued within a year and a day, and levied on personal property, even if it do not appear that any legal disposition has been made of such levy.

3. SCIRE FACIAS, JUDGMENT.—A *scire facias* to revive a judgment, as between the original parties, is but a continuation of the former action, for the purpose of awarding execution of the original judgment; it will be error, therefore, on the return of the writ, to enter judgment, "*quod recuperet.*"

4. SCIRE FACIAS, MOTION TO QUASH.—If a *scire facias* be issued in a case not provided for by law, and upon the return thereof, the defendant appear and plead payment, and upon that issue the jury find for the plaintiff, and the court enter judgment therein, *quod recuperet*, it will not be too late for the defendant to make his objections to the *scire facias* by motion; and the court has power at the term when the judgment was rendered upon such motion, to set aside the verdict and judgment, and quash the *scire facias*.

5. EXECUTION, LEVY, VENDITIONI EXPONAS.—If a *fieri facias* be levied on personalty of the defendant and returned without a sale, the plaintiff is entitled to a *venditioni exponas*; and if upon such writ the property cannot be found, or if found and sold, be insufficient to satisfy the writ, the plaintiff may in either case have his *fieri facias de novo*.

In error from the Circuit Court of Yallabusha county. Hon. T.,M. Rogers, judge.

The facts of the case sufficiently appear in the opinion.

The cause was argued in this court, by *Glenn*, attorney general, of counsel for plaintiff in error, and *D. Mayes*, for defendant in error.

The following brief was filed on behalf of plaintiff in error, by *C. P. Sheppard*.

*Brief.*—The court erred in setting aside the verdict and judgment, and dismissing the *scire facias.*

1. The objection urged, could only have been taken by plea.

The *scire facias* need only show an existing judgment; that being the basis of plaintiff's title. But it would have been a sufficient answer to this objection, that plaintiff's judgment had been impaired, and that a benefit accrued from a renewal.

Our legislation warrants the conclusion, that this remedy may be pursued, *pari passu* with debt. The statute recognizes it, as proper to renew judgments without any restrictions. See Hutch. Code, 841 § 43, 826 § 9, 830 § 8. In the case at bar, the judgment had lost its lien by the lapse of two years, Hutch. Code, 832, § 13. The remedy would have been barred by the statute of seven years, within a few days after suing this writ; and the return on the last *fieri facias* issued in 1841, showed a levy without any disposition, which, *primâ facie*, was a satisfaction. To obviate these difficulties, it was necessary to renew the judgment. If the plaintiff had resorted to the *fieri facias*, he could only have had the common law lien by virtue of a levy, on the delivery of the writ to the sheriff; and, if trusting to the *fieri facias*, that remedy had failed by the death of the defendant, or other cause, the debt would have been lost; for, though the statute authorizes executions to be continued, if an interval of not more than seven years intervenes, yet the debt is barred after seven years, if *scire facias* or debt becomes necessary. Again: the *fieri facias* would have been irregular in this case, as the last return in 1841, showed *primâ facie* satisfaction. The renewal of the judgment by *scire facias* restored to the plaintiff the statutory lien lost by lapse of time. See *Clippinger* v. *Miller*, 1 Penn. R. 71.

Locke *v.* Brady.

*Scire facias* is an action, and in the nature of an original writ. See *Pichett* v. *Pichett*, 1 How. 267; *Greenway* v. *Pare*, 1 Halst. 305. The judgment on *scire facias* bars all action on the original judgment, each successive *scire facias* being founded on the one next preceding. See *Collingwood* v. *Carson*, 2 Watts & Sergeant, R. 220. And defendant could not plead any matter, which could have been pleaded on a former *scire facias*. The judgment then in this action, has all the power and effect of a judgment in debt. A new lien arises, and the statute of seven years limitation, would only again commence from its date.

2. The plea of payment admitted the plaintiff's cause of action and right to renewal. And after verdict, the defect insisted on, if it had existed, was cured by the Statute of Jeofails. The record showing a judgment, discloses a title in the plaintiff, it being only necessary for the *scire facias* to show an existing judgment.

It is urged that the only judgment that could have been entered was to award execution on the original judgment. Such was the rule in England, but, under our legislation, a different rule must prevail. The judgment, by statute, bears interest, and judgment must be entered for the interest that has accrued. Under a similar statute in Pennsylvania this practice was adopted. See *Berryhill* v. *Wills*, 5 Binney, R. 60. Again: the plaintiff can only have execution for what may be really due, and defendant may prove partial payments. Such was the result in this case; part payment was established, and the verdict is the only evidence of the amount due, and therefore must be the basis for the judgment.

We submit, that the only course that could be pursued, was to enter judgment, and award execution for the amount of the verdict. Awarding execution is virtually giving judgment; the objection is merely technical, which, under the practice in England, might have been proper, but certainly cannot be plausibly urged here. The judgment setting aside the verdict, and dismissing the *scire facias*, should be reversed, and the judgment rendered on the verdict of the jury, affirmed.

*D. Mayes*, in reply contended,

1. That the common law gave an action of debt upon a judgment where no execution had issued for a year and a day. 2 Tidd's Practice, 1102.

2. That the Statute of Westminster 2, (13 Edw. 1,) stat. 1, ch. 45, gave the remedy by *scire facias*.

3. That our statute, Hutch. Code, 826, only gave the remedy by *scire facias*, in cases where it existed under the law of England.

4. That under the law arising from the English practice, an execution having issued, no *scire facias* was necessary. *McCoy* v. *Nichols*, 4 How. 31.

5. That an execution having issued in this case, within a year and a day, no *scire facias* was necessary; and not being necessary, the remedy by *scire facias* was not given. 4 J. J. Marsh. 60; 3 Barb. Sup. Ct. R. 192; 1 Overton, 64; Cooke, R. 274.

6. That a *scire facias* upon a judgment, which was more than ten years old, could not issue, except upon leave granted by this court, upon motion supported by an affidavit; that the judgment was unsatisfied; and there being no motion or affidavit in this case, the verdict and judgment should have been set aside. Tidd's Practice, 1165.

7. That all judgments and orders, during the term at which they are entered and made, are within the power of the court, and it is matter of judicial discretion to set them aside; when it is matter of discretion, no writ of error lies, and therefore the cause is improperly in this court.

8. That if a motion in the court below was not the proper mode to make the objection to the *scire facias*, the plaintiff in error could not now assign that for error, inasmuch as he acquiesced in the propriety of that mode, by meeting the motion; he should have objected to the court hearing the motion. *Varner* v. *Crabb*, 2 Carter, Ind. R. 169.

9. That the judgment rendered in the court below, on the verdict being *quod recuperet*, was unauthorized: it should have been to revive the original judgment. *Hall* v. *Hall*, 8 Vermont, R. 159. *Ingraham* v. *Beck*, 2 Strobh. 219.

Locke *v.* Brady.

Mr. Justice HANDY, delivered the opinion of the court.

On the 28th March, 1838, the plaintiff in error recovered a judgment against the defendant, on which a writ of *fieri facias* was issued in July, 1838, and levied on a stock of goods, which, by agreement, were not sold under the execution. An *alias fieri facias* was issued in 1841, which was also levied on a stock of goods, but no sale was made, and the execution was indorsed by the plaintiff's attorney, that it was "held up by request, and that no sale of property was to be made, nor other execution issued until further orders." No other execution was issued. On the 13th January, 1851, a *scire facias* in the usual form was issued to revive the judgment; to which the defendant pleaded *payment,* and upon that issue, the case was tried at May term, 1852, and a verdict found for the plaintiff, for the amount of the principal and interest of the original judgment, and a judgment *quod recuperet* rendered thereon. At the same term, the defendant moved the court to set aside the verdict and judgment, and to quash the *scire facias,* because it was issued without authority of law—which motion was sustained, and the plaintiff excepted, setting forth the facts as above stated, and has prosecuted this writ of error.

The first point raised on behalf of the plaintiff in error is, whether it was competent for the court to set aside the verdict and judgment, after the case had been tried upon the issue of *payment.*

It is contended, that the defendant, by placing his defence solely on the ground of *payment,* waived all objections to the regularity of the *scire facias,* or that the defects in it are cured by the Statute of Jeofails. This may be true, with regard to the defects in the *scire facias.* But if the verdict and judgment were such as were not warranted by law, in such a proceeding the particular defence set up and found against the defendant, could not justify such verdict and judgment, and it was proper for the court, which had control of its own proceedings and judgments, during the term, to set them aside upon motion. Such a state of case, is not within the Statute of Jeofails, which applies only to judgments, regular on their face, as the case is presented by the record, and justified by the established practice, in the particular case. And

this presents the question, whether this verdict and judgment were warranted by law.

The *scire facias* was in the usual form to revive a judgment between the original parties to it, calling on the defendant to show cause, why the plaintiff should not have execution. On such a writ, the practice in England, under the statute of Westminister 2, is well settled, that the proper judgment is merely an award of execution. And the same practice has been established by most of the courts in the United States. It is justified by the nature of the proceeding, which is but a continuation of the former action, in order to enforce the former judgment, and by the demand of the writ, that the plaintiff may have execution. We do not think that the statute of 1822, Hutch. Code, 826, § 9, authorizing the revival of judgments by *scire facias*, changed the nature and legal effect of such a writ from what it was under the English statute, or that any thing more was contemplated by our statute, than to give a party the right to have execution of his original judgment, by means of the writ of *scire facias*. The evil intended to be remedied was the inability of the plaintiff to proceed upon his judgment, by reason of lapse of time or other impediment to his execution; and the remedy provided was to "*revive*" the judgment by *scire facias*, that is, to restore its original force, and cause it to be carried into execution. This manifestly contemplates the enforcement of the original judgment, and not the rendition of a new one by means of the *scire facias*.

We therefore think that the court acted properly in setting aside the verdict and judgment.

The next question is, whether it was error for the court to quash the *scire facias*.

As to the attitude of the case, at the time this order was made, after the verdict and judgment were set aside, the case was as it stood before the verdict; and though it would have been more formal to have the objections to the *scire facias* set up by way of plea and defence, we do not think it was error for the court to consider them on motion. For no prejudice was done to the plaintiff thereby, further than would have been done, if the defendant, after setting aside the verdict and judgment, had applied for leave

to set up the objections by way of plea, which it would have been entirely competent for the court to allow to be done.

Was the *scire facias* maintainable, then, under the circumstances of the case?

It appears that after the rendition of the original judgment, executions were issued, which, upon well settled rules, rendered it unnecessary to resort to a *scire facias* to revive the judgment by reason of lapse of time. And there was no change of parties rendering such a course necessary.

The ground upon which the necessity for the *scire facias* is placed by the counsel for the plaintiff in error is, that the executions issued in the case, had been levied on chattels of the defendant, and that this, in legal presumption, was a satisfaction of the judgment. But this levy was no obstacle to the plaintiff's execution. He might have issued his *venditioni exponas* to sell the property levied upon—a course altogether proper, and open to the plaintiff. If upon such a writ, the property was not to be found, (and it is shown by the record not to have been sold,) or upon a sale, was insufficient to satisfy the judgment, the plaintiff could have had his *fieri facias de novo*. Thus the plaintiff's right to enforce his execution, was entirely unobstructed, and the writ of *scire facias* was altogether useless and unnecessary. The law does not countenance vain and useless things, especially when unnecessary costs must be the result of the abuse of its process.

We perceive no error in the judgment, and it is therefore affirmed.