## WARNER v. CAMMACK.

**Homestead:** LIABILITY TO DEBTS. The liability of a person who obtained money from another by means of false and fraudulent representations in the sale of a patent right, is a "debt" within the meaning of that word as used in the homestead exemption statute. It was accordingly *held*, that the homestead of the person selling the patent, acquired after the sale but before judgment rendered in an action to recover damages on account of such fraudulent representations, was liable to such judgment.

*Appeal from Fayette District Court.*

MONDAY, DECEMBER 15.

THIS is an action in equity to enjoin the sale of certain property under execution, on the ground that it is the homestead of the plaintiff. The answer denies that it is so the homestead as to be exempt from sale under the execution. The sheriff was also made a party defendant. A temporary injunction was granted *ex parte*, and afterward, on notice, a motion was made by the defendant, before the judge who granted it, to dissolve the injunction. The motion was overruled, and the defendant appeals.

*Rickel & Fuller* and *U. V. Allen* for the appellant.

*L. L. Ainsworth* and *J. J. Berkey* for the appellee.

COLE, J.— There is no controversy respecting the material facts of the case. They are, that on the 11th day of September, 1871, this plaintiff sold to this defendant a certain patent improvement in a mop wringer for the county of Blackhawk, in Iowa, for the sum of $100; that the defendant paid said sum to the plaintiff by his negotiable note for that amount, payable in six months, secured by a mortgage on his team; that this plaintiff, before said note matured, sold the same to one Hosford, and used the money obtained therefor in the purchase of lumber for the construction of the house on the premises in controversy. On the 8th day of November, 1871, this plaintiff purchased the property in controversy, and had the same conveyed, by warranty deed, to himself and his wife jointly; shortly thereafter, the precise time not shown, the plaintiff and his wife entered into the possession and occupancy of said premises as a homestead, and still continue so to occupy the same. On the 6th day of February, 1873, this defendant recovered a judgment against this plaintiff for $100, besides costs, before a justice of the peace, in an action brought for fraudulent representations, etc., in the sale of said patent improvement in mop wringer. The petition in the action before the justice averred that in the sale of it this plaintiff falsely represented that he was the owner of said patent, that it was of great value and utility, and that a person could make from $15 to $20 per day in selling the same; whereas, in fact, this plaintiff did not own the patent for said county, it was not of value and utility, and a person could not make any thing in selling the same, and also averred that Hosford had seized his team under the mortgage to pay his note. The answer in that action was, in effect, a denial of the averments of the petition. A copy of the judgment rendered in that action was duly filed in the district court clerk's office, and an execution issued thereon which had been levied on the premises in con-

troversy. This action was brought to enjoin the sale thereunder on the ground that the premises are exempt as a homestead. Whether they are exempt is the only question for us to determine.

Our homestead exemption statute provides, Rev. 1860: "Sec. 2281. It may also be sold on execution for debts contracted prior to the passage of this law or prior to the purchase of such homestead, * * * ." And hereon the question is resolved to the single point, whether the cause of action whereon the judgment was rendered, .was a *debt*, within the meaning of that word as used in the homestead exemption statute. We hold that it was a debt. And this, because the plaintiff in that action might have waived the tort and brought his action for money paid to the use of the defendant therein. Wherever a party has derived a pecuniary advantage from a wrong done by him, and it is competent for the person suing thereon to waive the tort and maintain his action upon the promise implied by the law, there the obligation to pay is a debt, and this, regardless of the form of action in which that obligation is sought to be enforced. The measure of the recovery before the justice was not in excess of what it must have been in an action upon the implied promise.

The converse of the proposition just stated must also be true, that wherever a wrong is done resulting in no pecuniary advantage to the wrong-doer, and where the action must be in tort, and sound only in damages, there the obligation to pay is not a debt until ascertained by judgment. *Johnson & Stevens* v. *Butler*, 2 Iowa, 535 (i. e. 545); *Raver* v. *Webster et al.*, 3 id. 502 (i. e. 512); *Lord* v. *Gaddis*, 6 id. 58.

And in support of the main proposition, first above stated, see 2 Greenl. on Ev., §§ 119, 120, 121 and 122, and the authorities cited in the notes. 1 Hilliard on Torts, 41 and 42, and cases cited in the notes.

                                                        Reversed.