### H. S. BUCKNER *v.* ROBERT PIPES.

1. JUDGMENT. *When to be revived. Scire facias dismissed.*
   Where an execution has been issued upon a judgment within a year and a day after the rendition thereof, it is unnecessary, under our statutes, to revive the judgment within seven years after its rendition; and a proceeding by *scire facias* for that purpose should be dismissed, upon the motion of the defend- ant, as a useless addition of costs.

2. SAME. *Revived by scire facias. Kept alive by executions.*
   Where no execution has been issued on a judgment within a year and a day after its rendition, it must be revived within seven years thereafter by a *scire facias;* but where there has been such an issuance of execution, the judgment may be kept alive perpetually by the successive issuance of executions within seven years of each other.

3. SAME. *Lien expires, when. How preserved. Special lien.*
   The general lien of a judgment expires at the end of seven years from its rendi- tion, but a special lien may be acquired, while the judgment is kept alive, by the delivery of an execution to the sheriff, and its levy on certain property. The general lien can only be perpetuated by a new action, based upon the judgment, and commenced within seven years from the rendition thereof.

ERROR to the Circuit Court of Adams County.

Hon. W. T. MARTIN, Special Judge, by agreement of the parties, Hon. Ralph North being disqualified.

The case comes to this court upon a writ of error to a judgment dismissing a *scire facias* sued out by the plaintiff in error to revive an original judgment. The other facts of the case are stated in the opinion of the court.

*T. L. Mellen,* for the plaintiff in error.

1. A judgment cannot be executed after seven years from the rendition thereof, even where an execution has issued upon it within a year and a day from its rendition, unless in the meantime the plaintiff revives it by *scire facias*, or an action of debt. Code 1871, sects. 2153, 2159 ; Vick v. *Chewning,* 2 Geo. 209.

2. *Scire facias* is the proper remedy to revive a judgment. *Vick* v. *Chewning,* 2 Geo. 201 ; Freem. on Judg., sects. 442, 449 ; Code 1871, sect. 715.

*R. E. Conner,* for the defendant in error.

1. Where an execution has been issued on a judgment within a year and a day of its rendition, it may be kept alive indefinitely by the issuance of successive executions within seven years of each other.   Code 1871, sect. 2153 ; *Locke* v. *Brady*, 1 Geo. 21 ; *Abbey* v. *Commercial Bank*, 2 Geo. 435 ; Tidd's Pr. 1103.

2. Where no execution has issued on a judgment within a year and a day, it must be revived before the expiration of seven years by *scire facias.*   *Bacon* v. *Red*, 5 Cush. 469. After seven years, the judgment-lien is gone ; but if executions have issued regularly, a *fieri facias* may be levied, and it will bind the property levied upon.   Code 1871, sect. 841.

CHALMERS, J., delivered the opinion of the court.

Buckner recovered a judgment against Pipes, on February 11, 1871, upon which, within a year and a day, a writ of *fieri facias* was issued, which was followed by an *alias fieri facias* two years afterwards.

Within seven years of the recovery of the judgment, and of course within less than seven years of the issuance of the last *fieri facias*, this writ of *scire facias* was sued out to revive the judgment.   It was properly dismissed, upon motion of the defendant, at plaintiff's costs, because it was wholly unnecessary, and, therefore, a wrongful accumulation of costs.   No new party was sought to be charged, and there was no sort of obstacle to the issuance of a *pluries fieri facias.   Locke* v. *Brady*, 30 Miss. 21.

We are asked by counsel to indicate the proper method of keeping alive a judgment about to become barred by the Statute of Limitations.   We cannot conceive that there is any difficulty in the matter.   If no execution has been issued within a year and a day from the rendition of the judgment, it must be revived by *scire facias.*   If there has been such issuance, it may be kept perpetually alive by the successive issuance of executions within seven years of each other.   The lien of the

judgment expires at the end of seven years from its rendition. Thereafter, a special lien on particular property may be acquired by the delivery of an execution to the sheriff and its levy on the property, as provided by sect. 841, Code of 1871. If it be desired to perpetuate the general lien, it must be done by a new suit, based upon the judgment already obtained, and the acquisition of a new judgment within seven years of the rendition of the old one.   Code 1871, sects. 2153, 2154, 2159.

Affirmed.