57  289
73  342

R. S. STITH, ADMR., ETC. *v.* P. M. PARHAM ET AL.

1. JUDGMENT.  *Statute of Limitations.  Revivor by scire facias.*
   A judgment against an administrator can be revived by *scire facias* against the administrator *de bonis non*, more than seven years after its rendition, but less than that time after the issuance of execution.

2. SAME.  *Right to execution.  When barred.*
   The right of a judgment creditor to enforce his judgment by execution is never barred if he does not permit seven years to elapse without an effort to do so by execution.

3. SAME.  *Lien.  Action of debt.  New judgment and lien.*
   A judgment ceases to be a lien, and an action of debt thereon is barred in seven years; but by bringing such action within that time, a lien may be had after seven years.

ERROR to the Circuit Court of Marshall County.

Hon. J. W. C. WATSON, Judge.

The plaintiff in error, an administrator *de bonis non*, moved to quash a *scire facias*, issued Sept. 21, 1874, to revive a judgment in favor of the defendants in error, rendered Sept. 4, 1866, against his predecessor, upon the ground that the writ was not issued within seven years after the rendition of the judgment, and on the overruling of his motion pleaded the seven years' Statute of Limitations. The replication, a demurrer to which was overruled, averred that executions had issued Oct. 20, 1866, and Feb. 12, 1870, and that the *scire facias* was issued within less than seven years thereafter.

*E. M. Watson*, for the plaintiff in error.

Judgment against an administrator cannot be revived by *scire facias* against his successor after seven years from the date of rendition. *Scire facias* for such purpose was unknown to the common law. *Ruff* v. *Smith*, 31 Miss. 59; *New Orleans Railroad Co.* v. *Rollins*, 36 Miss. 384; *Dibble* v. *Norton*, 44 Miss. 158. It is of statutory origin. Hutch. Code, p. 856. No limitation was prescribed, but, as the proceeding took the place of the action of debt, the seven years' statute (Hutch. Code, p. 830, § 8) should apply. The statutory law is still the same. Code 1857, p. 400, art. 8; Code 1871, § 2153. When the lien, the action of debt, and every other remedy on the judgment are barred, the presumption is overwhelming that the legisla-

ture designed to take away the remedy by *scire facias* also. *Gaskins* v. *Commonwealth*, 1 Call, 194 ; *Phillips* v. *Pope*, 10 B. Mon. 163.    The Statute of Limitations is intended to bar the right to a remedy, and not to cut off one specific remedy.    *Goff* v. *Robins*, 33 Miss. 153 ; *Pollard* v. *Eckford*, 50 Miss. 631 ; *Banks* v. *Coyle*, 2 A. K. Marsh. 564 ; *Bilbo* v. *Allen*, 4 Heisk. 31 ; *Merritt* v. *Parks*, 6 Humph. 332 ; *Simpson* v. *Lassalle*, 4 McLean, 352 ; *State Bank* v. *Vance*, 9 Yerger, 471 ; *DeHaven* v. *Bartholomew*, 57 Penn. St. 126 ; *Prewett* v. *Hilliard*, 11 Humph. 423.    The limitation was imposed by that clause of the statute barring the action of debt, which is brought forward in the revisions of 1857 and 1871, and for that reason *scire facias* is not named *eo nomine* in the latter statutes.    This is not the common-law *scire facias*, to which the clause of the statute naming *scire facias* and construed in *Vick* v. *Chewning*, 31 Miss. 201, referred, but a new form of the old action of debt, which the other clause of the statute limited.    A *scire facias* to revive against a party already liable is a continuation of the original suit.    Herman on Executions, § 79.    But this *scire facias* is a new action, because it charges a new party with a new debt, and subjects assets not already liable.    *Bank of Mississippi* v. *Duncan*, 52 Miss. 740 ; *Pickett* v. *Pickett*, 1 How. 267 ; *Potter* v. *Titcomb*, 13 Maine, 36 ; *Greenway* v. *Dare*, 1 Hals. 305 ; *Palmer* v. *Jones*, 50 Miss. 657 ; *Auditor of Accounts* v. *Graham*, 1 Call, 475 ; *Humiston* v. *Smith*, 21 Cal. 129.    If the *scire facias* is an action, it is within the narrowest construction of the statute.    Again, the lien of this judgment is barred.    Code 1857, p. 401, art. 15 ; Code 1871, § 2159.    When there is no lien, a revivor cannot be had against the administrator *de bonis non*.    *Fox* v. *Wallace*, 31 Miss. 660 ; *Palmer* v. *Jones*, 50 Miss. 657 ; *Partee* v. *Mathews*, 53 Miss. 140.

*J. H. Watson*, for the defendants in error.

When the right to revive by *scire facias* was first given, it was limited to seven years.    Hutch. Code, pp. 830, 855, 856. The statute was literally construed in *Vick* v. *Chewning*, 31 Miss. 201.    But the law-makers, appreciating the injustice of the limitation, omitted it from the Code of 1857, adopted a few months after that decision.    The writ of *scire facias* to

revive against an administrator *de bonis non* is not, as con-
tended by opposing counsel, in the nature of an action of debt.
*Bowen* v. *Bonner*, 45 Miss. 10 ; *Pollard* v. *Eckford*, 50 Miss.
631.    This court, in *Partee* v. *Mathews*, 53 Miss. 140, draws
the distinction between *Vick* v. *Chewning* and the cases fol-
lowing it, under the Act of 1844, § 8, and the Codes of 1857
and 1871, which omit the limitation as to *scire facias*.    An
unbroken current of authority sustains this court in the posi-
tion that a *scire facias* is not a new action, but a continuation
of the old one.    Freeman on Executions, § 81, notes.    There
is no hardship in allowing the creditor to keep alive his judg-
ment until paid.    *Bell* v. *Morrison*, 1 Peters, 351.    The loss
of the lien does not affect the right to revive, which depends
on the question of execution, the right to which has no rela-
tion to the judgment lien.

CAMPBELL, J., delivered the opinion of the court.

A judgment against an administrator may be revived by
*scire facias* against his successor in the administration more
than seven years after the rendition of such judgment, but
within "seven years from the date of the issuance of the last
preceding execution on such judgment."    An action of debt on
a judgment must be brought within seven years next after its
rendition or it will be barred, and a judgment ceases to be a
lien after seven years from its rendition ; but the right of the
judgment creditor to enforce his judgment by execution is
never barred if he does not permit seven years to elapse with-
out an effort to do so by execution.    Code §§ 2153, 2159 :
*Buckner* v. *Pipes*, 56 Miss. 366.    Formerly the judgment
creditor was driven to his action of debt on the judgment, and
now he must resort to that, if he would have a lien after seven
years, but he may have successive executions until satisfaction
is obtained, if he does not remain inactive seven years.    As
the judgment was still alive to support an execution, and
there was a new party to be charged, it was proper to have
*scire facias* to obtain execution against him.

*Judgment affirmed.*