Johnson v. Moser.

3. NEW trial: action to quiet title: discretion of court.

AFFIRMED.

JOHNSON v. MOSER.

1. **Reference:** EXCEPTIONS TO CONCLUSIONS OF LAW: APPEAL: RECORD. Where exceptions were taken to the legal conclusions only of a report of referees, and not to the finding of facts, and the court overruled the exceptions and confirmed the report, and from such order an appeal was taken to this court, *held* that the evidence on which the findings of fact were based was not necessary to enable this court to determine the only question raised by the appeal, to-wit, whether the admitted facts warranted the legal conclusions which the referees and the court deduced therefrom.

2. **Homestead:** WHAT EXEMPT AS: DWELLING AND BUSINESS ROOMS COMBINED.   Where the buildings on a city lot were used in part for the dwelling of the owner and his family, and in part for business purposes, and the portions used for business exceeded $300 in value, *held* that the portions used for business were not exempt as appurtenant to the homestead, under § 1997 of the Code, and that such portions might be sold under execution against the owner, together with such easements as were necessary to their proper use and enjoyment.   Compare *Rhodes v. McCormack*, 4 Iowa, 368, and *Mayfield v. Maasden*, 50 Id., 517.   For the particular facts of this case see opinion.

*Appeal from Dubuque District Court.*

FRIDAY, JUNE 12.

PLAINTIFF recovered a money judgment against defendant in the district court. Execution was issued on this judgment, and the same was levied on certain portions of a four-story brick building in the city of Dubuque. Also on a frame warehouse and shed situated on the same premises. Defendant thereupon notified the sheriff that he claimed the whole of the premises as his homestead. Three referees were then selected in the manner prescribed by section 2002 of the Code, who proceeded to examine and ascertain the facts of the case. They returned to the district court a report of their doings, which consisted of a statement of the facts found by them, and their opinion thereon, which was that the whole of the premises was exempt from judicial sale. Plaintiff filed exceptions to so much of the report as found that the whole property was exempt. The district court overruled the exceptions, and entered an order approving and confirming the report. From this order plaintiff appeals.

*S. P. Adams,* for appellant.

*Fouke & Lyon* and *James Burt,* for appellee.

REED, J.—The referees filed with their report the evidence introduced by the parties on the hearing before them, and on which they acted in making their findings of fact.

1. REFER-ENCE: exceptions to conclusions of law: appeal: record.

But this evidence was not preserved by bill of exceptions, nor is any portion of it contained in the transcript or abstract on which the case was submitted. Certain questions were also submitted by plaintiff to the referees, and their finding of facts was made in answer to these questions, but the questions themselves are not embodied in the report, nor are they contained in the record filed in this court. It is contended by appellee that, in

Johnson v. Moser.

the absence of the evidence and these questions, we cannot review the findings of the referees, and that for this reason the cause should be affirmed without regard to its merits. It is sufficient answer to this position to say that no question was made by plaintiff in his exceptions to the report as to the correctness of the findings of fact by the referees. He admits that the facts of the case are as the referees found them to be, but denies the correctness of the conclusion drawn by the referees from the facts; and the only question which he asks this court to determine is whether, under the facts as found by the referees, the whole of the premises is exempt from sale for the satisfaction of his judgment. No examination of the evidence is necessary for the proper determination of that question. There was no occasion, therefore, to preserve the evidence or bring it before this court. The questions submitted by plaintiff to the referees are not necessary to an understanding of their finding. It was therefore not necessary to embody them in the record. The order appealed from was made in a special proceeding, and it was necessary to bring up so much of the record only as was essential to a full and fair presentation of the grounds upon which a. reversal of the order is claimed.

II.   The referees found the following facts:

The building in question is situated on a lot which is forty-three and two-tenths feet in width, by about one hundred and thirty-seven feet in length. The building is twenty-two and eight-twelfths feet wide, by seventy-five feet long. It is built of brick, is four stories high, and there is a cellar under it of the

2. HOME-STEAD: what exempt as: dwelling and business rooms combined.

same width and length as the building, less the thickness of the walls. In the rear of the building are two sheds and an old wooden building. Defendant became the owner of the premises in 1867. Previous to that, for several years, he had occupied the place as a tenant; and he has continued to occupy it since he purchased it. At the time he first occupied it he was and still is the head of a family. He has carried on business

as a grocer during all the time he has occupied the building, and during a portion of the time he has also been engaged in selling lime and cement. He has used the first story of the building during all the time as a store-room and place of business. He has also used the greater part of the cellar as a place for the storage of goods kept by him in connection with his business. The second and third stories have been used as a place of residence for his family. They are divided into apartments, and have been used exclusively by the family. The fourth story is unfinished. The only use ever made of it was as a place for drying clothes.

There is a stairway leading from the store-room to the second floor. Access is also gained to the second story by outside stairways. There are also stairways leading from the second to the third floor, and from the third to the fourth floor. There is a hatchway in each floor, and over that in the fourth floor there is a hoisting apparatus, consisting of a drum and wheel and gearing, with a rope extending through the hatchways to the cellar. There is a stairway leading from the store-room to the cellar, which is the only way of access to it. A portion of the cellar has been used by defendant for the storage of vegetables and provisions for the use of his family. One of the sheds in the rear of the building is used as a buggy shed, and a portion of the wooden building is used as a stable. The remainder was used as a place for the storage of lime and cement, when the defendant was engaged in the business of selling those articles. Since he abandoned that business it has been unoccupied. What use has been made of the other shed is not shown. The value of the store-room and the right to use so much of the cellar as may be necessary for store purposes, with the fourth story and right to use the hatchways and hoisting apparatus, and the two sheds in rear of the building, is $3,800, and the rental value thereof is $300 per year. The debt evidenced by plaintiff's judgment was contracted after defendant became the owner of the premises.

These facts bring the case within the doctrine of *Rhodes v. McCormack*, 4 Iowa, 368, and *Mayfield v. Maasden*, 59 Id., 517. The first and fourth stories of the building, and the cellar, (except that portion used by defendant for the storage of provisions and vegetables for the use of his family,) and the two sheds in rear of the building, are subject to be sold for the satisfaction of plaintiff's judgment. These portions of the premises do not constitute any part of the homestead. They have been used and occupied by defendant as a place of business, and not as a place of residence for his family. They are not exempt under the provisions of section 1997 of the Code, which exempts from judicial sale the shop or building appurtenant to the homestead, which is occupied and used by the debtor in carrying on his ordinary business; for their value is greatly in excess of the amount which is exempted by that provision, and their sale will not unreasonably interfere with the use by defendant of those portions of the building which he occupies as a place of residence. The sale of those portions of the premises will carry the right to the use of the hatchways in the second and third floors, and the hoisting apparatus for gaining access to the fourth story, and it will be subject to the right of defendant to have access by the stairway from the first floor to the portion of the cellar used by him for family purposes.

The order approving and confirming the report of the referees will be reversed, and the cause will be remanded, with directions to the district court to enter an order in accordance with the views expressed in this opinion.

REVERSED.