## BERKSON BROS. *v.* W. H. COX ET AL.

1. LIMITATION OF ACTIONS. *Judgments. Execution. Issuance of within seven years before suit. Code* 1892, § 2743.

    The issuance of execution on a judgment within seven years after its rendition, and within the same period prior to the institution of suit thereon, will not save the bar of the seven years' statute of limitations when plead in such suit, since the limitation of actions upon judgments is seven years from the rendition thereof. *Buckner* v. *Pipes,* 56 Miss., 366; *Stith* v. *Parham,* 57 *Ib.,* 289, cited. *Hall* v. *Green,* 60 *Ib.,* 47, explained.

2. SAME. *Judgment not a contract. New promise or acknowledgment. Code* 1880, § 2688. *Code* 1892, § 2757.

    A judgment is not a contract, and is not embraced in the terms of § 2688 of the code of 1880, brought forward into the code of 1892 as § 2757 thereof, whereby actions upon contracts are taken out of the operation of the statute of limitations when a new promise or acknowledgment, in writing, signed by the party chargeable thereby, is shown.

FROM the circuit court of Holmes county.

HON. C. H. CAMPBELL, Judge.

This was an action brought by appellants, on December 21, 1894, upon a judgment in their favor, rendered by the circuit court of Holmes county, on November 28, 1887. The defendants (appellees here) plead the seven years' statute of limitations, to which plaintiff filed two replications. The first replication set up that an execution had been issued on the judgment on December 28, 1887, and within seven years next preceding the institution of the suit, on which there had been a return of *nulla bona* on March 14, 1888. The second averred that, on April 18, 1890, and on May 6, 1890, and at other

times within seven years next before suit brought, the defendants, in letters written and signed by them, acknowledged the justice and validity of the debt evidenced by the judgment. Demurrers to these declarations were sustained, and the action dismissed.

Section 2688 of the code of 1880, of which § 2757 of the code of 1892 is a rescript, is as follows:

"In actions founded upon any contract, an acknowledgment or promise shall not be evidence of a new or continuing contract, whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party chargeable thereby; and where there shall be two or more joint contractors, one or more of them shall not lose the benefit of the provisions of this chapter so as to be chargeable, by reason only of an acknowledgment or promise made or signed by any other or others of them."

Section 2674 of the code of 1880, carried forward into the code of 1892 as § 2743 thereof, is as follows:

"All actions founded on any judgment or decree rendered by any court of record in this state shall be brought within seven years next after the rendition of such judgment or decree, and not after; and no execution shall issue on any such judgment or decree after seven years from the date of the issuance of the last preceding execution on such judgment or decree."

*E. F. Noel*, for the appellant.

1. In *Buckner* v. *Pipes*, 56 Miss., 366, and *Stith* v. *Parham*, 57 *Ib.*, 291, it was declared that judgments might be kept alive perpetually by successive executions within seven years of each other; that the lien expired seven years from the rendition of judgment, and that, if a new lien was desired, suit must be brought within seven years from the rendition of the judgment.

In the case of *Hall* v. *Green*, 60 Miss., 57, it is announced by the court that "more than seven years intervened between the rendition of the judgment and the filing of the bill, and, consequently, it constituted no lien on any property of any sort. It was valueless, except as affording the basis for the issuance of executions or the bringing of a new suit."

This case is later than the other two, and announced the different doctrine that a suit might be brought where the judgment has been kept alive by executions, as was done in this case.

2. Even if the action would otherwise have been barred, it is not, in view of the subsequent acknowledgments of the defendants. The original action was founded on contract, and the judgment is but record evidence of the contract indebtedness. Code 1880, § 2688; code 1892, § 2757. The plaintiffs surely should not be treated as being in a worse position by the reduction of their demand to judgment than they would have been had it remained an unadjudicated claim. While the written acknowledgment would not revive the judgment, it would re-establish the indebtedness. The statute above cited is a limitation upon the mode of renewing a barred debt, and is not the creation of a hitherto unpossessed right. It does not negative the renewal of an indebtedness secured by judgment.

*Hooker & Wilson*, for the appellees.

1. By § 2674, code of 1880, suits on judgments may be brought within seven years after the rendition of the judgment, and not after the lapse of that period. The plaintiff's right of action was therefore barred. *Buckner* v. *Pipes*, 56 Miss., 366; *Stith* v. *Parham*, 57 *Ib.*, 289.

2. Section 2688, relied on by the appellant in connection with the subsequent acknowledgment of the debt, relates by its terms to actions founded upon contracts, and the judgment sued on is not a contract. Freeman on Judgments, § 4, and cases cited.

WOODS, J., delivered the opinion of the court.

The judgment of 1887 was clearly barred.  *Buckner* v. *Pipes*, 56 Miss., 366; *Stith* v. *Parham*, 57 Miss., 289; *Hall* v. *Green*, 60 Miss., 47.

Counsel is in error in supposing that *Hall* v. *Green* is not in perfect harmony with the two former cases.  The error is not unnatural, however, regard being paid only to the collocation of the sentence quoted from that opinion by counsel to the effect that "the judgment was valueless except as affording the basis for the issuance of executions or the bringing of a new suit."  The remark was made in an inappropriate connection.  Evidently the meaning is that the judgment in a federal court, unenrolled in the proper county, created no lien on the debtor's property in such county, and was valueless except for the purposes indicated in that opinion.

The demurrer to the second replication, in which an acknowledgment, in writing, within the period of limitation of seven years, was sought to be set up in answer to defendant's plea of the bar of the statute, was also properly sustained.  An action on a judgment is not embraced in the terms of § 2688, code of 1880, whereby actions upon contracts are taken out of the statute's operation, when a new promise or an acknowledgment, in writing, signed by the party chargeable thereby is shown.  By the almost universal agreement of text writers and courts, in this day, judgments are held not to be contracts.  The question is discussed in both Freeman on Judgments and Black on Judgments, and nothing could well be added to what is said by these authors.  See cases cited in discussion of the question by each.  In Wood on Limitation of Actions, also, it is said that the replication to a plea of the statute of a new promise is not good in an action upon a judgment of a court of record.  See Wood, p. 135, and authorities cited in note 1.

While some earlier authorities and some not well-considered opinions call judgments contracts, the weight of reason and

later authorities is against the confounding of judgments with contracts. In their striking features, judgments and contracts are markedly dissimilar.

*Affirmed.*