J. T. ANDERSON, Appellant, v. D. C. KYLE, ET AL., Appellees.

Homesteads: SALE ON EXECUTION: PREVIOUSLY CONTRACTED DEBTS. A debt for which a homestead may be sold on execution under Code, section 2976, is one which has become a fixed obligation, subject to enforcement prior to the acquisition of the homestead. The evidence in this case fails to show an antecedent debt such as is contemplated by the statute.

*Appeal from Washington District Court.*— HON. BYRON W. PRESTON, Judge.

WEDNESDAY, FEBRUARY 15, 1905. .

ACTION in equity to subject certain real estate to the payment of a judgment rendered in favor of plaintiff and against the defendant D. C. Kyle and his wife, Joanna Kyle, the latter now deceased. Upon the trial the petition of plaintiff was dismissed, and there was judgment in favor of defendants for costs. Plaintiff appeals.— *Affirmed.*

*Schuyler W. Livingston,* for appellant.

*S. W. & J. L. Brookhart,* for appellees.

BISHOP, J.— In March, 1890, the defendant D. C. Kyle and his wife Joanna Kyle, sold to plaintiff a certain tract or parcel of land situated in the city of Washington, this State, and conveyed the same by warranty deed. Shortly thereafter plaintiff sold said land to one J. S. Adams, and conveyed to him by warranty deed. In the year 1896, the

children of D. C. Kyle brought suit against said Adams for partition of said lands, claiming to be the owners by inheritance of an undivided eight-ninths part thereof. As a result of such action, and by reason of proof of title in said partition claimants, plaintiff was compelled to, and did in October, 1896, pay to said Adams the sum of $520. Thereupon D. C. Kyle and Joanna Kyle confessed judgment in favor of plaintiff for said sum of $520, and such confession was properly made a matter of record. It appears that in March, 1895, defendant D. C. Kyle purchased the certain real estate which is now sought to be reached in this action by execution issued upon said judgment, and took title thereto in his own name. In March, 1896, he conveyed the same to his wife, and the latter died intestate, in January, 1900. At the time the property thus in question was purchased, the defendant D. C. Kyle, with his wife, and the other defendants, their children, went into occupancy thereof as a homestead, and it has been so claimed and occupied ever since.

The sole question in the case is whether the debt which was merged into the judgment by confession was one contracted prior to the acquisition of such homestead, and hence, in virtue of section 2976 of the Code, enforcement of the judgment may be had by sale of the property under execution. This question the court below answered in the negative, and, we think, correctly so. It is not claimed that any fraud entered into the sale and conveyance to plaintiff in 1890. The defendant D. C. Kyle and his wife acted upon the belief that they were possessed of title to the lands conveyed. So, too, the facts respecting the acquisition of the title to the property now claimed as a homestead involve no element of bad faith. We need not consider, therefore, what might have been the effect upon the situation had fraud been tendered as an issue and proved upon trial. Now, as Kyle and his wife were not in fact possessed of an indefeasible title to the lands conveyed to plaintiff, it may be conceded that a breach of the covenants in the deed occurred when de-

livery thereof was made.    But plaintiff was given possession
of the property at the time, and by the well-settled rule in
this State the breach was to be regarded as a technical one
only.    He could not sue for or recover substantial damages
until some positive injury had been suffered by him.    *Foshay
v. Shafer,* 116 Iowa, 302, and cases cited.    The cases pro-
ceed upon the thought that no injury substantial in character
can be said to have been sustained until the grantee has been
evicted, or has been called upon to protect himself by making
purchase of the outstanding paramount title.    And not only
this, but it would be manifestly unjust to permit a grantor
to be charged in damages as of the value of the lands in ad-
vance of the establishment of an adverse and paramount right
in a third person, especially as such might never be attempted.
Accordingly it is said that the covenants of a deed are not
breached so as to give rise to any obligation substantial in
character, on the part of the grantee, until he has been com-
pelled to give way in the face of the paramount title.    *Mc-
Clure v. Dee,* 115 Iowa, 546.

That a remote or contingent liability attaches to the exe-
cution and delivery of a deed in view of a possible failure of
title is very true.    But, as we have seen, the promise to repay
or reimburse which arises out of a deed covenant has relation
to the time when, if ever, such covenant shall be broken by
eviction or otherwise.    Such is quite a different thing from
a specific debt contracted and agreed to be paid.    And it is
a debt contracted — that is, a fixed obligation, subject to
enforcement by the processes of the law — that the statute
authorizes to be satisfied by execution sale of a homestead.
Our attention is called to the case of *Benge's Adm'r v. Bow-
ling,* 21 Ky. Law 165 (51 S. W. Rep. 151), where a contrary
conclusion seems to have been reached.    An examination of
the opinion discloses that the holding was made to depend
upon the express provisions of the Kentucky statute, which
includes all forms of liability as well as contract debts.    As in
this case no debt enforceable in law or in equity arose in

favor of plaintiff as against defendant D. C. Kyle until after he (plaintiff) had been called upon to reimburse his grantee, Adams, in the amount necessary to buy in the outstanding title, and, as this did not occur until long after the acquisition of the homestead in question, it becomes apparent that the court below rightly refused the relief demanded.— *Affirmed.*