JOHN P. SPILDE, Appellant, v. PERRY S. JOHNSON, Appellee.

**Judgments:** REVIVAL OF ACTION. A judgment debt is *ex contractu,* and without regard to the nature of the original cause of action on which it is based may be revived by a new promise to pay.

*Appeal from Winneshiek District Court.*— HON L. E. FEL-LOWS, Judge.

WEDNESDAY, DECEMBER 12, 1906.

ACTION to set aside and annul a mortgage. Decree for defendant, and plaintiff appeals.— *Affirmed.*

*E. W. Cutting,* for appellant.

*E. P. Johnson,* for appellee.

WEAVER, J.— Prior to the year 1878 the plaintiff herein purchased certain land from Johanna Johnson, from whom he took a conveyance. Thereafter other persons, who claimed to have been tenants in common of said land with said Johanna Johnson, appeared and demanded partition thereof. This claim was established by a proper proceeding in district court. In entering the decree in that proceeding it was found, among other things, that Johanna Johnson was indebted to the claimants in the sum of $140.52, and that Spilde was indebted in an equal or greater amount to Johanna Johnson, and this matter was adjusted by entering a judgment against said Spilde for the sum above named in favor of said claimants, John Anderson and Stephen Anderson. This judgment remaining unpaid, the Andersons on June 8, 1881, assigned it to E. P. Johnson, who on July 12, 1904, assigned it to Perry S. Johnson, the defendant herein.

On the date last mentioned Spilde and wife united in a mortgage on the land in question to Perry S. Johnson to secure the payment of the judgment. After describing the record of the judgment thus to be secured, said mortgage contains the following clause: "For value received, time is given on this judgment for three years, and we hereby promise and agree to pay the said judgment, with interest as therein expressed, on or before July 12, 1907, and said John P. Spilde is to get credit on this judgment for $44.88. The balance of said judgment we agree to pay, with cost and interest." On August 19, 1904, this action was begun in equity to annul, cancel, and discharge said mortgage, on the ground that the judgment, and the original right of action or claim on which it was based, had at the date of said mortgage been long barred by the statute of limitations, and that said judgment is not a contract obligation, and is therefore not subject to be revived, or to have its actionable quality restored, by a subsequent acknowledgment of its nonpayment or by a subsequent promise to pay. In answer to this petition, the defendant pleaded the facts above stated as to the origin of the judgment and his ownership thereof, and the fact that it had never been paid, as well as the subsequent written promise by plaintiff to pay the same, as set forth in said mortgage. On these pleadings the cause was submitted to the court, and decree thereafter entered dismissing plaintiff's bill as being without equity.

It will be observed that at the date of the mortgage the judgment had been barred by the statute of limitations, and the one question presented is whether the written acknowledgment of the debt and promise to pay contained in the mortgage operates to waive the defense of the statute and revive said judgment. It is to be admitted that cases may be found which class judgments, not as contracts, but as obligations in *invitum,* and therefore not subject to be revived, as against the statute of limitations by a new promise to pay, because the statute providing for a renewal or reviver by a new

promise to pay is confined to actions *ex contractu.* Code, section 3456. Such is the holding in *Berkson v. Cox,* 73 Miss. 339, (18 South. 934, 55 Am. St. Rep. 539). But this court is committed to another view of the law. As early as the case of *Johnson v. Butler,* 2 Iowa, 535, we held that the obligation of the judgment defendant is a debt, and that an action brought upon a judgment is *ex contractu,* without regard to the nature of the original cause of action on which the judgment was recovered. This doctrine has the support of the weight of authority. *Carr v. Rischer,* 119 N. Y. 117, (23 N. E. 296); *Nazro v. Oil Co.,* 36 Hun, 296; *Taylor v. Root,* 4 Keyes (N. Y.) 335; *Gutta Percha Co. v. Houston* 108 N. Y. 276, (15 N. E. 402, 2 Am. St. Rep. 412), 8 Cyc. 831; *Osborne & Heuer,* 62 Minn. 507, (64 N. W. 1151); Parsons on Contracts, 7; Chitty on Contracts. 2; Story on Contracts, 2; *Bank v. Van Voris,* 6 S. D. 548 (62 N. W. 378); *White v. Moore,* 100 Ky. 358 (38 S. W. 505). In a suit upon a judgment this court applied the same rule, and held the right of action was revived by a new promise, although it is to be said that the point now under discussion does not seem to have been considered. *Frisbee v. Seaman,* 49 Iowa, 95. It is to be remembered that a statute of limitations is a statute of repose. It simply takes away the right to maintain an action, but it does not pay or cancel the debt. The debt still exists, and, though action is barred, the fact that it exists affords sufficient consideration to support a new promise to pay, and when said promise is in writing the statute gives it legal effect in the revival of the right to sue thereon.

Holding, as we do, that for the purposes of the statute the judgment debt must be treated as a claim *ex contractu,* it follows of necessity that the appeal in this case cannot be sustained; and the judgment of the district court must be, and it is, *affirmed.*