In re the MARRIAGE OF Connie McMORROW and James S. McMorrow.

Upon the Petition of Connie McMorrow, Appellant, And Concerning James S. McMorrow, Appellee.

No. 83–110.

Supreme Court of Iowa.

Dec. 21, 1983.

D.W. Harris, and R. Kurt Swaim, Bloomfield, for appellant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, SCHULTZ, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

The question here is whether a father's child support obligation under a marital dissolution decree is a preexisting "debt" under Iowa Code section 561.21(1), so that his after-acquired homestead may be subjected to execution and sale to pay delinquent installments. Trial court held the father could retain as exempt the apartment building he moved into following the dissolution. We reverse and remand with directions.

James S. and Connie McMorrow were married January 2, 1970. A son was born that year; a daughter was born in 1977. The marriage was dissolved January 4, 1979, when both parties were Missouri resi-

dents. The dissolution decree incorporated by reference the parties' stipulation relating to child custody, child support and property division. Connie was awarded custody of the two children. James was to pay $390 per month in child support. Connie was required to quitclaim to James her right to "properties owned by the parties ... in Appanoose County, Iowa." Connie complied with this provision on the date of the decree.

Shortly after the dissolution James moved into the basement of the Appanoose County apartment building Connie quitclaimed to him as a result of that proceeding. There were three apartments on the ground level of the one-story structure; James developed a two-room apartment for himself in the basement.

James defaulted on a portion of his child support payments in 1981 and apparently has paid only token amounts, if any, since that time. May 3, 1982, Connie transcribed the Missouri dissolution decree to Appanoose County pursuant to Iowa Code chapter 626A ("Enforcement of Foreign Judgments"). Connie then caused execution to issue on $3540 in unpaid installments and sought to subject James's apartment building to levy and sale. James responded by filing a declaration that the property was his homestead and therefore exempt from judicial sale under the 1981 amendment to Iowa Code section 561.16 ("The homestead of every *person* [formerly "of every family"] is exempt from judicial sale where there is no special declaration of statute to the contrary ....."). (Emphasis added.) Connie then recalled the execution.

June 29, 1982, Connie filed this declaratory judgment petition in the transcribed decree proceeding.[1] She sought to establish either that James's apartment was not his homestead because he lived in the home of a female friend, or that it nonetheless was subject to levy and sale because of the

nature of James's child support obligation, or because this obligation was incurred before the homestead was acquired.

Trial court found James had established a homestead, the homestead included the rental units, and the property was exempt from judicial sale.

Connie, appealing, contends the property was not a homestead, and in any event was not exempt from the prior child support obligation.

### I. *Was All or Part of the Property a Homestead?*

■ James admitted on cross-examination that he ate meals and stayed two or three nights a week with one of his several female friends. We agree with trial court's apparent determination this evidence was insufficient to prove James actually had established a home at a place other than his basement apartment. Although in a different context, we held in *In re Marriage of Gibson*, 320 N.W.2d 822 (Iowa 1982), that a male friend who stayed with one of the parties as many as four nights a week was not a "resident" of that home when he had his own separate residence where he kept his furniture and clothing.

Connie alternatively argues there was no justification for exempting all four apartments in James's building. Iowa early allowed division of a homestead building into exempt and nonexempt areas. *See Johnson v. Moser*, 66 Iowa 536, 540, 24 N.W. 32, 33 (1885); *Rhodes, Pegram & Co. v. McCormack*, 4 Iowa 383, 390–91 (1857). Although this court in *Olsen v. Lohman*, 234 Iowa 580, 592–97, 13 N.W.2d 332, 338–40 (1944), held a rented portion of a building exempt as a part of the homestead and pointed out the legal and practical difficulties involved in a division, it expressly declined to hold that "occupancy as a homestead of a portion of every building would

1. *See* Iowa R.Civ.P. 266. Iowa Code section 626A.2 relevantly provides that a foreign judgment filed under chapter 626A "has the same effect ... as a judgment of the district court of this state and may be enforced or satisfied in like manner." The right to bring a declaratory

judgment action for supplemental relief is not challenged. This matter was tried in equity in district court and our review is de novo. *See First National Bank v. Smith*, 331 N.W.2d 120, 122 (Iowa 1983).

necessarily result in the entire building being held exempt."[2] *Id.* at 597, 13 N.W.2d at 340.

In this case James's apartment shares a common entrance with one of the upstairs apartments. Two of the upstairs apartments and the basement apartment are heated by the same furnace. Sale proceeds of even a portion of the building would be subjected to a prior mortgage held by a financial institution.

Although these complications might militate against division, we are not required to confront them in view of our resolution of the issue addressed in the next division.

II. *Was the After-Acquired Apartment Building Subject to Judicial Sale to Pay Delinquent Child Support Payments Ordered Under the Prior Decree?*

Connie argues that, irrespective of the alleged homestead character of the apartment building, it was not exempt from judicial sale to pay for the child support provided in the decree rendered prior to its acquisition. She relies on the following statute:

> *561.21 Debts for which homestead liable.* The homestead may be sold to satisfy debts of each of the following classes:
>
> 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

Connie contends James's obligation to support his children arose at their respective births, or in any event was fixed by the agreement between the parties, adopted by the Missouri court in the dissolution decree. The legislature could not have intended, she asserts, that a parent could claim the homestead exemption to impoverish his children and force the public to support them.

James has neither appeared nor filed a brief in this court. In district court, responding to a summary judgment motion, he argued his alleged homestead was not liable because "child support payments become a judgment only as they become due and not from the date ordered under the decree of dissolution." This, of course, does not meet the statutory language that the homestead may be made liable for certain "debts," not judgments.

■ Our law is plain that upon a child's birth a father becomes legally and morally obligated to support it, *Addy v. Addy,* 240 Iowa 255, 258, 36 N.W.2d 352, 354 (1949),[3] and this responsibility is not affected by the fact that he and the mother later are divorced. *State v. Manley,* 197 Iowa 46, 50, 196 N.W. 724, 726 (1924). "The object and purpose of sections 598.17 and 598.21, The Code, is to authorize the · courts in dissolution of marriage proceedings to enforce, after termination of the marital relationship, the legal as well as moral duty of support between parent and child." *In re Marriage of Carney,* 206 N.W.2d 107, 112 (Iowa 1973).

■ It is true, of course, that "[a] court-ordered child-support judgment becomes a lien when payment is due." *Broyles v. Iowa Department of Social Services,* 305 N.W.2d 718, 721 (Iowa 1981); *see Slack v. Mullenix,* 245 Iowa 1180, 1184–85, 66 N.W.2d 99, 101–02 (1954). In *Whittier v. Whittier,* 237 Iowa 655, 661, 23 N.W.2d 435, 440 (1946), this court wrote:

> [W]e think the provisions of the divorce decree which fix the rights of the parties in accordance with the stipulation of settlement and make the stipulation part of the decree ... constitute a judgment or order requiring the payment of money which may be enforced by execution, as to installments that have become due.

---

2. *See* Kennedy and Brooks, *Ten Years of Creditors' Rights in Iowa,* 38 Iowa L.Rev. 410, 420 (1953) ("The ingenuity of the court, even under a broad statute like Chapter 561 of the Code, should be equal to the challenge of a debtor who seeks to dwell in the marble halls of an office building or an apartment building.").

3. Overruled in part by *Brown v. Brown,* 269 N.W.2d 819, 821–22 (Iowa 1978), holding that because the support obligation of both parents is joint and several, a mother's action against the father for contribution for past child support will lie.

Ordinarily no further judgment entry on delinquent installments is required. *Cullinan v. Cullinan*, 226 N.W.2d 33, 35 (Iowa 1975). The *Slack* court held "an installment alimony or support money judgment does not constitute an automatic lien upon real estate for future unpaid installments," 245 Iowa at 1185, 66 N.W.2d at 101–02, and it is this principle that permits the judgment debtor in such circumstances to provide merchantable title on transfer of his or her property where there are no unpaid installments. *See Marshall's Iowa Title Opinions and Standards* § 10.3 (A–1) at 204 (G. Madsen 2d ed. 1978).

■ These principles, however, do not go to the heart of the issue before us: Is a child support judgment entered prior to the acquisition of the homestead a "debt" within the meaning of Iowa Code section 561.-21? At least in the circumstances of this case, we hold it is, and the after-acquired homestead may be subjected to judicial sale for delinquent installments, absent other available property upon which to levy.

There is no indication the legislature intended by its 1981 amendment (allowing a "person" rather than a "family" to hold a homestead exempt from judicial sale) to allow the owner to reject his or her legal and moral obligation to support children. There is powerful proof elsewhere that the legislature places the highest priority on a child's right to receive parental support. Even the personal earnings of a parent are not exempt from a judgment for the support of his or her minor children. Iowa Code § 627.12 (1983). Iowa Code section 598.23 permits the most drastic punishment our law provides—loss of liberty—to be visited upon one willfully disobeying the support provisions of a dissolution decree. *See* Iowa Code § 252A.6(13) (1983).

In *Smith v. Andrew*, 209 Iowa 99, 101, 227 N.W. 587, 588 (1929), this court dealt with the concept of debt as it is used in the homestead statute:

As a ... matter of definition, we have frequently recognized the fact that the term "debt" is indefinite and variable in its meaning, and that the meaning to be attached thereto in a given case is largely dependent on its context. In other words, the term "debt," as used in the homestead statute, may vary in its meaning from that given to it in other contexts.

Within the flexibility *Smith v. Andrew* provides, and in light of the strong public policy that persons should be required to support their minor children, we hold a subsection 561.21(1) debt encompasses a judgment for child support.

The law generally reinforces this conclusion.

[T]he principal purpose of the exemption laws is to protect an unfortunate debtor and save him a means of supporting his family. Applying these broad principles, it is generally held that statutes exempting property from legal process in the enforcement of a claim against the husband are not applicable to a claim for alimony or support.

24 Am.Jur.2d *Divorce and Separation* § 721 at 826 (1966). The Uniform Exemptions Act, § 10(a)(1)(i), provides that a creditor may make a levy against exempt property of any kind to enforce a claim for alimony, support, or maintenance. We think the public policy underlying these rules rises higher than our policy to "jealously [guard]" homestead rights, *Merchants Mutual Bonding Co. v. Underberg*, 291 N.W.2d 19, 21 (Iowa 1980), and to "broadly and liberally [construe the homestead statutes] in favor of exemption," *In re Marriage of Tierney*, 263 N.W.2d 533, 534 (Iowa 1978).

■ Our own case law supports our determination of this issue. Ordinarily a homestead may be sold in satisfaction of a judgment rendered before its acquisition. *See, e.g., Chader v. Wilkins*, 226 Iowa 417, 422, 284 N.W. 183, 186 (1939); *Ohio Casualty Insurance Co. v. Galvin*, 222 Iowa 670, 674–77, 269 N.W. 254, 257–58 (1936); *Spilde v. Johnson*, 132 Iowa 484, 486, 109 N.W. 1023, 1024 (1906); *Anderson v. Kyle*, 126 Iowa 666, 102 N.W. 527 (1905); *Warner v. Cammack*, 37 Iowa 642 (1873).

■ In *In re Estate of Galvin*, 238 Iowa 894, 29 N.W.2d 230 (1947), an antenuptial contract was found to have created a debt although it was to be paid from the husband's estate and only in the event the claimant survived him. The debt was held enforceable against an after-acquired homestead even though decedent's surviving children resisted the claim. *Id.* at 895–96, 29 N.W.2d at 231. Similarly, in *Smith v. Andrew* this court held the debt of a holder of stock in an insolvent bank was incurred under the double liability statute when he bought the stock, even though the bank did not become insolvent until after acquisition of the holder's homestead. 209 Iowa at 103–04, 227 N.W. at 588–89. On the basis of these decisions, we conclude James did not become indebted for the first time for the support of his children when he stopped making the court-ordered monthly payments. At the very least that obligation became a judgment debt when the dissolution decree was entered.

Assuming James's apartment building is his homestead, we nonetheless hold it is subject to judicial sale under the provisions of Iowa Code section 561.21(1). We reverse the decree entered by trial court and remand for further proceedings in conformance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.